**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 4:18-CV-818-ALM-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S *FIRST AMENDED COMPLAINT* (DOCKET NO. 34)**

**I.**

**ANSWER**

Pursuant to *Fed. R. Civ. P.* 15((a)(3), Defendants CKJ Trucking, L.P. ("CKJ Trucking") and CKJ Transport of North Texas, LLC ("CKJ Transport") respectfully file this *Answer* to Plaintiff's *First Amended Complaint*. Unless expressly admitted herein, all allegations of the *First Amended Complaint* are **DENIED**.

**A. PARTIES:**

1. Defendants are without sufficient information to either admit or deny the allegations in this paragraph. Accordingly, the allegations are denied.

2. Admitted.

3. Admitted.

**1**

**B. JURISDICTION:**

4. Denied the Court has jurisdiction under the cited statutes; but, admitted the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. §§ 12117(a) and 2000e-5(f)(3). Denied that Plaintiff's claims have merit or that Plaintiff is entitled to any relief.

5. To the extent Plaintiff's allegations in this suit are confined to the scope of the allegations in his first EEOC *Charge* filed with the EEOC on or about February 16, 2018, admitted. To the extent Plaintiff makes claims or seeks recovery beyond the scope of the allegations contained in his first EEOC *Charge*, denied. Specifically:

    a. denied that Plaintiff has exhausted administrative remedies regarding any claim under the ADA of failure-to-reasonably accommodate; and

    b. denied that Plaintiff has exhausted administrative remedies regarding any retaliation claim alleged under the ADA. Although Plaintiff apparently filed a second EEOC *Charge* on or about May 1, 2019, no right-to-sue notice has been issued by the EEOC regarding that *Charge*.

**C. FACTS:**

6. Denied.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted on or about April 13, 2017, Plaintiff sought and was approved for FMLA. Otherwise, denied.

11. Admitted that Plaintiff's physician took him off work and that he sought and received FMLA leave. Otherwise, Defendants are without sufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are denied.

**2**

12. Denied.

13. Admitted Plaintiff showed up at Defendants' facility on December 19, 2017—five months after he had left in July. Otherwise, denied.

14. Admitted on December 19, 2017, Rick Russell informed Plaintiff he needed to speak with Mike Downs. Admitted on or about December 20, 2017, Plaintiff spoke with Mike Downs, Downs complied with the written October 2, 2017, directive of Plaintiff's attorney not to have any communications with Plaintiff, directly or indirectly, and Downs informed Plaintiff he could not speak with Plaintiff because of Plaintiff's lawyer's instructions. Admitted that Defendants continued to comply with the October 2, 2017, directive of Plaintiff's attorney, *i.e.*, "Please do not attempt, directly or indirectly, to communicate with Mr. Spindle." and, accordingly, Defendants made no attempt to communicate directly or indirectly with Plaintiff. Otherwise, denied.

15. Denied.

16. Denied.

**D. FEDERAL CLAIMS FOR RELIEF AND DAMAGES—ADA CLAIM:**

17(A) [*sic*]. Denied.

18(B) [*sic*]. Denied.

19(C) [*sic*]. Denied.

20(D) [*sic*]. Denied Plaintiff is entitled to any relief he seeks.

21(E) [*sic*]. Denied Plaintiff is entitled to any attorney's fees.

22(D) [*sic*]. Admitted Plaintiff filed an EEOC *Charge* in February 2018. Defendants are without sufficient information to either admit or deny the remaining allegations in this paragraph. Accordingly, the allegations are denied.

23. This paragraph does not allege any fact which requires an admission or denial from Defendant. Defend responds to the alternative allegations as indicated below.

**E. FEDERAL CLAIMS FOR RELIEF AND DAMAGES—FMLA CLAIMS:**

24(A)[*sic*]. Denied.

25(B)[*sic*]. Denied. Denied Plaintiff was entitled to "reinstatement."

36(C)[*sic*]. Denied. Denied Plaintiff was entitled to "reinstatement."

27(D)[*sic*]. Denied Plaintiff is entitled to any relief he seeks.

28(E)[*sic*]. Denied Plaintiff is entitled to any attorney's fees.

**F. DAMAGES:**

29. Denied that Plaintiff has sustained any damages or entitled to any relief.

**G. ATTORNEY FEES:**

30. Denied.

**H. JURY DEMAND:**

31. This paragraph does not allege any fact which requires an admission or denial from Defendants.

**I. PRAYER FOR RELIEF:**

Denied Plaintiff is entitled to any relief he seeks.

**4**

## AFFIRMATIVE DEFENSES

Pleading further if same be necessary:

### A. FIRST AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE DAMAGES:

Some or all of the relief Plaintiff seeks is barred by his failure to mitigate his damages, if any.

### B. SECOND AFFIRMATIVE DEFENSE—DAMAGES CAPS:

Some or all of the relief Plaintiff seeks is barred or limited by applicable statutory damage caps, including without limitation 42 U.S.C. § 1981a.

### C. THIRD AFFIRMATIVE DEFENSE—GOOD FAITH:

Plaintiff's claim for punitive damages is barred by Defendants' good faith. *See Kolstad v. Amer. Dental Ass'n*, 527 U.S. 526, 534 (1999); *Smith v. Xerox Corp.*, 602 F.3d 320, 334-35 (5th Cir. 2010).

### D. FOURTH AFFIRMATIVE DEFENSE—GOOD FAITH:

Plaintiff's claim for liquidated damages is barred by Defendant's good faith under 29 U.S.C. § 2617(a)(1)(A)(iii).

### E. FIFTH AFFIRMATIVE DEFENSE—FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES:

Some of all of the relief Plaintiff seeks is barred by his failure to timely exhaust his administrative remedies. Specifically, but without limitation, Plaintiff failed to exhaust administrative remedies regarding any alleged failure to provide reasonable accommodation(s) and has failed to exhaust administrative remedies regarding any claim of retaliation under the ADA.

## PRAYER

Defendants respectfully request:

1. Plaintiff take nothing by his action;

2. Plaintiff's suit be, in all things, dismissed with prejudice;

3. Defendants be, in all things, discharged;

4. Costs be taxed against Plaintiff; and

5. Such other and further relief, in law or equity, to which Defendants may be justly entitled.

Respectfully submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:   (214) 871-8200
Facsimile:   (214) 871-8209
Email:        jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 25 day of June, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

**6**