IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 4:18-CV-818-ALM-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

**CKJ TRUCKING, L.P.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 36)**

## INTRODUCTION

Plaintiff's *Response* (Docket No. 44) to CKJ Trucking, L.P.'s ("CKJ Trucking")—virtually devoid of citation to any authority[1]—is so fatally flawed factually and legally that it is difficult to know where to begin to reply.[2]

---

[1] Plaintiff's 18 page *Response* cites a grand total of *four* (4) cases, *i.e.*: (1) *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53 (2006), cited on p. 13, without discussion; (2) *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470 (5th Cir. 2015), cited on p. 15; and (3) *Sellers v. Delgado College*, 903 F.2d 1189 (5th Cir. 1990) and *Sellers v. Delgado College*, 839 F2d 1132 (5th Cir. 1989), both cited on p. 17.

[2] Defendants have separately filed a motion for sanctions under *Fed. R. Civ. P.* 11. In addition to the grounds cited in the motion and the failure of Plaintiff's counsel to take advantage of the "safe harbor" period which was afforded to him by dismissing Plaintiff's claims, by continuing in Plaintiff's *Response* to advocate Plaintiff's meritless claims and put forth baseless arguments, Plaintiff's counsel is engaging in ongoing violations of Rule 11. "Rule 11 sanctions are appropriate when an attorney refuses to dismiss a claim after becoming aware that it lacks merit." *Baker v. Chevron USA, Inc.*, 2013 WL 3968783, at 18 (6th Cir. Aug. 2, 2013). *See also, e.g., Erwin v. Russ*, 481 Fed. App'x. 128, at 3 (5th Cir. June 1, 2012) (award of $25,000 in sanctions held not an abuse of discretion for persistent prosecution of frivolous civil rights

*Footnote continued on next page . . .*

## SUMMARY JUDGMENT FACTS UNDISPUTED BY PLAINTIFF

Pursuant to *Local Rule* CV-56(c),[3] the following facts cited in Defendant's motion (Docket No. 36, pp. 1-11) are admitted because Plaintiff did not dispute or controvert them in his *Response* with proper summary judgment evidence, *inter alia*:

- Plaintiff first worked for CKJ from November 2008 until May 2009, when he voluntarily quit.

- Plaintiff next worked for CKJ from May 2011 until January 2013, when he once again voluntarily quit.

- In 2012, while employed by CKJ during his second tenure, Plaintiff had open heart surgery and returned to work at CKJ following the surgery, until he voluntarily quit in January 2013.

- Plaintiff has no complaints of discrimination during either the first or second periods of his employment.

- Although he had twice quit working for the company and had had open heart surgery while employed with CKJ in 2012, the company rehired him for a third time in August 2015.

---

*. . . footnote continued from previous page.*

claim); *Nance v. Ricoh Electronics, Inc.*, 407 Fed. App'x. 404, 2011 WL 19474, at 1 (11th Cir. Jan. 05, 2011) (affirming award of sanctions where plaintiff's counsel continued to prosecute promotion discrimination claim "after it became clear that the employee who received the promotion at issue had the requisite degree and qualifications"); *Merritt v. Int'l Ass'n of Mach. and Aerospace Wrkrs.*, 613 F.3d 609, 627 (6th 2010) ("Rule 11 imposes a continual obligation on attorneys to refrain from pursing meritless or frivolous claims at any stage of the proceedings . . . ." [citation and internal quotation marks omitted]); *Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 373 (6th Cir. 1996) (affirming Rule 11 sanctions against counsel who failed to dismiss the action after becoming aware of their inability to assert any evidence in support of their claims); *Hix v. Bosque Cnty., Texas*, 2016 WL 3688439, at 10 (W.D. Tex. July 6, 2016) ("Hix chose to continue to pursue this case, and make the baseless arguments . . . . Bosque County has therefore met the procedural prerequisites to seeking sanctions.").

[3] "(c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence."

- Plaintiff worked for CKJ a third time, from August 2015 until December 20, 2017, when he claims he was discharged.

- Plaintiff has no complaints whatsoever of discrimination during his third stint of employment before he claims he was "discharged" on December 20, 2017.

- Plaintiff received four weeks of FMLA leave in April-May 2017 because of toe surgery.

- After returning to work in May 2017, Plaintiff continued working until July 14, 2017, and again was afforded FMLA leave.

- Plaintiff last actively performed services for Defendant on July 14, 2017.

- Plaintiff received a full 12 weeks of FMLA leave and was still medically unable to return to work at the end of the FMLA leave.

- On October 2, 2017, a lawyer Plaintiff had retained sent a "notice of claim" letter to Defendant which stated "Please do not attempt, directly or indirectly, to communicate with Mr. Spindle."

- On December 19. 2017, Plaintiff showed up at CKJ looking for a "Christmas bonus."

- While at the facility, Plaintiff asked the terminal manager, Rick Russell, whether he was still employed.

- Russell informed Plaintiff that he (Russell) could not speak with him (Plaintiff) because Plaintiff was represented by an attorney.

- The next day, December 20, 2017, Plaintiff spoke by phone with "district supervisor" Mike Downs.

- Downs, too, informed Plaintiff that he could not speak with Plaintiff because Plaintiff was represented by an attorney.

- Although Plaintiff claims to have promptly contacted his attorney and informed his attorney of the foregoing, neither Plaintiff nor his attorney made any further contact with anyone at CKJ Trucking.

- No one at CKJ Trucking ever told Plaintiff he was fired or no longer had a job.

- Plaintiff merely *assumed* he had been discharged.

- In January 2018, Plaintiff filed a claim for unemployment compensation with the Texas Workforce Commission ("TWFC") and told the TWFC he had "quit for medical reasons."

- For that reason, the TWFC denied Plaintiff's claim and Plaintiff did not appeal the decision.

- On February 21, 2018, Plaintiff filed an administrative *Charge of Discrimination* with the EEOC (Docket No. 36-13) in which Plaintiff swore under penalty of perjury he had been *discharged* on or about *December 20, 2017*.

- In July 2018, when completing a medical history form for one of his doctors, Plaintiff stated that he was "retired."

- Likewise, on August 24, 2018, upon admission to Texoma Medical Center, Plaintiff represented that he was "retired."

- Given all of the foregoing—including the undisputed fact that *Plaintiff had not worked for CKJ Trucking for more than a year and a half, since July 2017*—on March 28, 2019, Ginger Kennemer completed a purely internal administrative *Personnel Change/Termination* form which dropped Plaintiff from Defendants' rolls as an inactive employee, but which expressly stated that Plaintiff is eligible for rehire.

- Possession of a Department of Transportation ("DOT") Medical Examiners' Certificate and a Commercial Drivers' License ("CDL") are essential qualifications to operate a tractor-trailer for CKJ Trucking.

- Plaintiff's last valid DOT medical certification expired on September 26, 2017, while plaintiff was on leave from work.

- As a result of the expiration of Plaintiff's medical certification, Plaintiff's CDL was also suspended.

- Thus, on December 19, 2017, Plaintiff held neither a valid DOT medical certification nor a valid CDL.

- Despite the ready availability of truck driving jobs in today's economy, Plaintiff admitted that he has not sought or applied for any comparable truck driving job since December 20, 2017, because he no longer wants to be a truck driver.

**ARGUMENT**

**I.**

**AS A MATTER OF LAW, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S "REASONABLE ACCOMMODATION" CLAIM.**

Plaintiff's three-page "argument" (Docket No. 44, pp. 8-10) in response to Defendants' motion for summary judgment regarding Plaintiff's "reasonable accommodation" claim makes no attempt whatsoever to address the authorities on which the motion is based, and cites no authority whatsoever to support Plaintiff's contentions.

First, Plaintiff made no attempt whatsoever to address the applicable law that he failed to exhaust administrative remedies by failing to assert a failure-to-accommodate claim in his EEOC *Charge*, *i.e.*, *Hamar v. Ashland, Inc.*, 211 Fed. App'x. 309, 310 (5th Cir. 2006); *Woods v. UPS*, 2018 WL 6729690, at 5 (N.D. Tex. Nov. 7, 2018) ("[A] plaintiff wishing to exhaust remedies regarding a failure-to-accommodate claim must allege specific facts enabling the EEOC to determine that she requested an accommodation and the employer denied it."), *rep. and recom. adopted*, 2018 WL 6727083 (N.D. Tex. Dec. 21, 2018); *Robles v. Tex. Tech Univ. Health Sci. Ctr.*, 131 F. Supp. 3d 616, 635 (W.D. Tex. 2015) (barring a failure-to-accommodate claim because "the EEOC Complaint does not assert Plaintiff ever requested a reasonable accommodation" or otherwise "suggest[ ] Defendants were aware an accommodation was needed"). Nor does Plaintiff cite any authority to support his conclusory contention that the disparate treatment allegations in his EEOC *Charge* were sufficient to exhaust administrative remedies for a "reasonable accommodation" claim.

Second, Plaintiff remains judicially bound by the allegations in his pleading (Docket No. 34 ¶¶ 12, 13, and 25) that he had received a *full* release from his doctor, effective December 20, 2017,[4] and by his deposition testimony (Docket No. 36-2 (Ex. 1 (80:4 to 80:17, 81:21 to 82:3, and 101:21 to 102:8)) that he had been fully medically released to return to work with no restrictions and no need *See*, *e.g.*, *Johnson v. Mayhill Behavioral Health, LLC*, 2016 WL 4196648, at 2 (E.D. Tex. Aug. 9, 2016) (**Mazzant, J**.) (citing *Taylor v. Coastal Sec., Ltd.*, 45 Fed. App'x. 326 (5th Cir. 2002) (affirming district court's ruling that Title VII plaintiff's affidavit was "self-serving" and "inadmissible due to its inconsistency with [plaintiff's] earlier deposition") and *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that

---

[4] *See*, *e.g.*, *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (where a pleading has not been amended or withdrawn, the factual allegations in the pleadings supersede other evidence in the record for purposes of deciding a summary judgment motion).

impeaches, without explanation, sworn testimony.")). The absence of any *need* for an accommodation conclusively negates the second and third elements of Plaintiff's *prima facie* reasonable accommodation claim.[5]

Finally, Plaintiff claims (Docket No. 44, p. 10) "the reasonable accommodation Spindle required was to be able to see a physician and be medically recertified to renew his CDL[.]" As a matter of law, Plaintiff's assertion must be disregarded and is, in any event, utterly irrelevant. First, the assertion must be *disregarded* because it is an improper attempt to contradict Plaintiff's sworn interrogatory response. *E.g.*, *Taylor v. Coastal Sec., Ltd.*, *supra*. Plaintiff was specifically asked in interrogatories to identify each accommodation Defendant allegedly denied. Plaintiff's sworn response was limited to: "Defendant refused to return Plaintiff to work through [*sic*] he presented a full release to return to work from his physician." Second, the contention is utterly immaterial because the duty of reasonable accommodation arises *only* when "*known physical or mental limitations* of an otherwise qualified individual with a disability" prevent that individual from performing the essential functions of a job. 42 U.S.C. § 12112(b)(5)(A) (emphasis added). An expired DOT medical certificate does not constitute a "physical or mental limitation."

---

[5] Plaintiff suggests (Docket No. 44, p. 9; emphasis added) "*Defendant has produced no evidence* as to the specifics of the release or what accommodation might be require[.]" The implicit suggestion that the "full" release Plaintiff claims to have received may have, in fact, contained restrictions—a suggestion unsupported by any summary judgment evidence—is an impermissible attempt to contradict Plaintiff's deposition. Additionally, the suggestion seeks to impermissibly shift the burden of proof. *Plaintiff* bears the burden of proving the need for an accommodation. *E.g.*, *Miller v. Metrocare Services*, 2015 WL 477233, at 14 (N.D. Tex. Feb. 5, 2015), *aff'd*, 809 F.3d 827 (5th Cir.) (essential element of reasonable accommodation claim is proof of "consequential limitations" of which the employer was aware), *cert. denied*, 136 S. Ct. 2463 (2016).

**II.**

**AS A MATTER OF LAW, DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DISPARATE TREATMENT DISABILITY DISCRIMINATION CLAIM.**

Plaintiff's Response failed to produce any evidence on the elements of his *prima facie* case.

**A. First Element—No Evidence Of A "Disability":**

Plaintiff claims his contention that he has "shortness of breath" is evidence of a disability. The contention is without merit.

First, for the reasons stated in Defendants' Objections to Plaintiff's Summary Judgment "Evidence" (Docket No. 47), Plaintiff has produced no medical evidence whatsoever regarding the cause of his alleged "shortness of breath."

Second, Plaintiff has offered no evidence whatsoever regarding the degree to which, if at all, his alleged "shortness of breath" is *substantially limiting*. *See*, *e.g.*, *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 194–95 (2000) ("[T]he ADA requires . . . 'evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial.'" Citation omitted). "[N]o matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003). Plaintiff has produced no such evidence.

Third, Plaintiff's contention that he has a "record of a disability" because he received *short term* disability *insurance* benefits between July and December 2017 (Docket No. 44, p. 11) is erroneous as a matter of law. That Plaintiff's medical condition may have qualified him for short term benefits *under the terms of an insurance policy* is no evidence of "'a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population.'" *Sechler v. Modular Space Corp.*, 2012 WL 1355586, at 11 (S.D. Tex. April 18, 2012), *quoting* 29 C.F.R. § 1630.2(k). This is especially so given that the summary judgment evidence is uncontradicted that Plaintiff's condition—whatever its cause—

resolved itself and, according to Plaintiff's pleading and deposition, he received a *full* medical release.

Finally, Plaintiff contends "the summary judgment evidence is uncontroverted that Spindle was regarded as disabled" *because Mutual of Omaha* so regarded Plaintiff for short term disability benefits "and Defendant knew that fact." Docket No. 44, p. 12. The contention is utterly specious. For a "regarded as" claim, Plaintiff must show that the *employer—not a disability insurance carrier or some other third-party—*regarded Plaintiff as disabled *under the ADA, not under the contractual terms of an insurance policy*. Moreover, Plaintiff completely failed to address the fact that a "regarded as" claim cannot lie where, as here, the alleged actual or perceived impairment was transitory and minor, fully resolved within six months or less. 42 U.S.C. § 12102(3)(B).

**B. SECOND ELEMENT—NOT "OTHERWISE QUALIFIED":**

Plaintiff's admission that he possessed neither a valid DOT medical certification or a valid CDL on December 20, 2017 (or any time thereafter), negates the second element of Plaintiff's claim as a matter of law.

Additionally, despite Plaintiff's repetitive contentions to the contrary, Plaintiff has produced no admissible medical evidence that he was ever medically released to return to work. *See*, *e.g.*, *Sosa v. Coastal Corp.*, 2002 WL 31933068 (5th Cir. 2002) ("Sosa's report of Dr. Weber's order to stay off her leg is inadmissible hearsay."); *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 698 (5th Cir. 1997) (plaintiff's testimony about her doctor's instructions was "immaterial, conclusory, and/or hearsay"); *Pfister v. City of San Antonio*, 2015 WL 13796517, at 5 (W.D. Tex. June 3, 2015) (plaintiff's testimony concerning his doctor's diagnoses was inadmissible hearsay), *rep. and recomm. adopted*, 2015 WL 13796696 (W.D. Tex. July 9, 2015); *Ripple v. Marble Falls ISD.*, 99 F.Supp.3d 662, 678–79 (W.D. Tex. 2015) ("Plaintiff's own recounting of his medical diagnoses and his doctor's orders, offered for proof of those diagnoses and orders, constitutes inadmissible hearsay.").

**C. THIRD ELEMENT—NO ADVERSE ACTION:**

Contrary to Plaintiff's contention, allegedly refusing to communicate directly with Plaintiff—particularly where, as here, the employer has been expressly instructed by Plaintiff's attorney not to do so—is not an adverse action. *See*, *e.g.*, *Munday v. Waste Mgmt. of N. Am., Inc.,* 126 F.3d 239, 243 (4th Cir. 1997) (holding that a supervisor yelling at the plaintiff during a meeting, directing other employees to ignore the plaintiff and spy on her, *and refusing to communicate with the plaintiff* did not constitute adverse employment actions), *cert. denied*, 522 U.S. 1116 (1998); *O'Dell v. Trans World Entm't Corp.*, 153 F. Supp. 2d 378, 395 (S.D. N.Y. 2001) (employer's alleged refusal to communicate with Plaintiff's attorney was not an adverse action), aff'd, 40 Fed. App'x. 628 (2d Cir. 2002). "[M]ere passive treatment does not constitute an adverse employment action." *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1279 (10th Cir. 2005).[6]

**D. FOURTH ELEMENT—NO EVIDENCE OF DISPARATE TREATMENT:**

Plaintiff has failed to offer any evidence of a similarly situated person outside Plaintiff's protected class, who was treated more favorably, *i.e.*, non-"disabled" employee with whom Defendant refused to directly communicate after having received a directive from the employee's attorney not to do so.

**E. NO EVIDENCE OF PRETEXT:**

Assuming, *arguendo*, Plaintiff could make out a *prima facie* case of disability discrimination, Plaintiff "must rebut each of the defendant's nondiscriminatory reasons in order to survive summary judgment." *Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010). To carry that burden Plaintiff must produce "substantial evidence" of pretext. *E.g., Auguster v. Vermilion Par. Sch. Bd.,* 249 F.3d 400, 402–03 (5th Cir. 2001). Plaintiff has offered no evidence whatsoever that

---

[6] Plaintiff has offered no evidence or explanation whatsoever why he did not have his lawyer contact Defendant in response to the statements by CKJ Trucking's employees that they could not speak with Plaintiff because of the instructions from Plaintiff's lawyer.

Defendant's explanation for its refusal to directly communicate with Plaintiff, *i.e.*, the instructions from Plaintiff's attorney, was a pretext for disability discrimination.

## CONCLUSIONS AND REQUESTED RELIEF

Defendants' motions for summary judgment, Docket Nos. 36 and 40, should be, in all things, **GRANTED**. The Court should enter a take-nothing judgment against Plaintiff, and tax costs against Plaintiff.

Respectfully submitted,

**/s/ John L. Ross**
**JOHN L. ROSS**[7]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:   (214) 871-8200
Facsimile:   (214) 871-8209
Email:  jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P*. 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 22nd day of July, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

**/s/ John L. Ross**
**JOHN L. ROSS**

---

[7] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization