**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID W. SPINDLE** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:18-cv-818** |
| | § | |
| **CKJ TRUCKING, LP AND CKJ** | § | |
| **TRANSPORT OF NORTH TEXAS, LLC** | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS (DKT#46)

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** David W. Spindle, Plaintiff in the above-entitled cause, (hereinafter "Spindle") and hereby responds to Defendants' motion for sanctions (dkt#46), and would show the Court as follows:

### I.  SUMMARY OF PLAINTIFF'S RESPONSE

Plaintiff's counsel has not violated the requirements of F.R.C.P. 11.  A more than adequate investigation of the available facts and law was done prior to filing suit.  The material facts discovered pre-suit were:

1. Plaintiff was on approved FMLA leave.

2. Plaintiff was determined to be disabled by Defendants' disability insurance carrier Mutual of Omaha.

3. Defendants knew Plaintiff was determined to be disabled by its own disability insurance carrier.

4. When Plaintiff presented at Defendants' offices to return to work before his FMLA was to expire, Defendants' representatives told him they could not speak to him.

5. Defendants never again made an effort to communicate with Plaintiff.

These facts are more than sufficient to support FMLA and ADA violations.

No additional facts could be discovered pre-suit. Defendants had refused to communicate with Plaintiff. Defendants had refused to communicate with Mr. Anthony O'Hanlon, Plaintiff's counsel on the on-the-job injury, despite his written request.

After suit was filed, Defendants' human resources director, Ginger Kennemer, admitted Defendants would not communicate nor return Plaintiff to work whether or not he had a physician's release unless Mr. O'Hanlon's letter dated October 2, 2017 was somehow modified. Ex. 1, Kennemer depo., 35:4-36:2, attached hereto. She never informed Plaintiff of Defendants' position. Ex. 1, Kennemer depo., 36:3-37:25, attached hereto. This is not a legitimate reason not to restore Plaintiff to work.

Defendant's motion for sanctions is itself a groundless motion in violation of F.R.C.P. 11 based upon these facts. Plaintiff respectfully urges it be denied on this basis.

## II. MATERIAL FACTS

Defendants admit they refused to restore Plaintiff to work after he utilized approved FMLA leave. Defendants admit to instructing their employees not even to speak to Plaintiff when he reported to work before his FMLA leave was to expire. Ex. 2, Russell depo., 20:3-19; Ex. 3, Downs depo., 44:4-7, attached hereto.

Defendants admit it would not restore Plaintiff to his position, irrespective of whether he had a physician's release unless his lawyer, Mr. Anthony O'Hanlon, modified his letter dated October 2, 2017. Defendants never informed Plaintiff of this fact. Ex. 1, Kennemer depo., 35:4-37:25, attached hereto.

These undisputed facts support violation of the FMLA and the ADA.

Defendants' contention that "it should have been patently apparent to an experienced employment litigator that the claims were without merit. . ." is in fact baseless and without merit. Page ID#: 911

The undisputed facts support a legally meritorious claim pursuant to the ADA.

First, Plaintiff was determined to be disabled by Defendants short-term disability carrier, Mutual of Omaha.  Defendants admit knowing this fact because Defendants were copied by the disability carrier on correspondence reflecting Plaintiff's disability.  Ex. 1, <u>Kennemer depo</u>., 60:4-23, 62:7-25, attached hereto.

Second, as set forth above, Defendants refused even to talk to Plaintiff when he attempted to return to work.  Ex. 2, <u>Russell depo</u>., 20:3-19; Ex. 3, <u>Downs depo</u>., 44:4-7, attached hereto.

Third, Defendants testified they always notified employees when their DOT medical certifications were nearing expiration and sent them to its own contract physician for certification.  Ex. 2, <u>Russell depo</u>., 44:18-45:7, attached hereto.

Defendants did not follow this policy with Plaintiff.  Defendants refused to communicate with Plaintiff.  Defendants admitted Plaintiff was employed until his termination on March 28, 2019.  Plaintiff was still considered by Defendants as an employee until his termination on March 28, 2019. Exhibits 4 and 6, attached hereto.

Fourth, the EEOC Charge does not have a check box for failure to accommodate under the ADA.  It only has a box for ADA discrimination.  However, Plaintiff's letter of complaint attached to the Charge is sufficient to encompass a failure to accommodate claim.  Plaintiff's original complaint (PageID #:3) and his amended complaint (PageID #:34) both claim relief for "all rights under . . . ADA."

Defendants never filed a motion for more definitive statement pursuant to F.R.C.P. 12(e). Defendant never filed an F.R.C.P. 12(b)(6) motion on this issue.  It has waived the issue.

Fifth, the reasonable accommodation Plaintiff required was for Defendants to send him to their contract physician for his DOT medical certification renewal since he was still an employee at the time.  Defendants admit this was their policy for all employees.  Ex.2, <u>Russell depo</u>., 44:18-45:7, attached hereto.

Defendant refused even to communicate with Plaintiff about his return to work.  Ex. 1, <u>Kennemer depo</u>., 17:15-21, attached hereto.

### III. LEGAL ANALYSIS

"A suit is generally not sanctionable where founded in law and fact."  <u>Sheets v. Yamaha Motors Corp., USA,</u> 891 F.2d 533, 538 (5th Cir. 1990)

In legal claims involving intent, as in the claim here, where substantial factual evidence is in the hands of the defendant, ". . . a party should be given some leeway in making allegations about such matters, as long as the lawyer's investigation is otherwise reasonable."  <u>Smith v. Our Lady of the Lake Hosp</u>., 960 F.2d 439, 446 (5th Cir. 1992) see <u>Townsend v. Holman Consulting Corp.,</u> 929 F.2d, 1358, 1363-34 (9th Cir. 1990) (en banc)

While the aforecited case deals with conspiracy, the same principles apply here since the Defendants are in possession of the majority of evidence, *i.e.* personnel files, memos, e-mails, FMLA and disability documentation.

"Because conspiracies are carried out in secret, direct proof of agreement is rare .

. . . We cannot require an attorney to procure a confession of participation in a

conspiracy from one of the prospective defendants before filing suit . . . . Until

some other source of information [becomes] available . . . [the plaintiff's lawyer]

has to rely on his client for the factual foundation for the claim.  There [is] simply no other source to which he [can] turn."

Kraemer v. Grant County, 892 F.2d 686, 689 (7th Cir. 21990). [**22]

"In such circumstances, rule 11 "must not bar the courthouse door to people who have some support for a complaint but need discovery to prove their case." *Id.* at 689-90.  Without access to such discovery, proving the existence of a conspiracy is usually difficult and often impossible, Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 95 (3d Cir. 1988), especially where, as here, the "proof is largely in the hands of the alleged conspirators."  Poller v. Columbia Broadcasting Serv., 368 U.S. 464, 473, 7 L. Ed. 2d 458, 82 S. Ct. 486 (1962).  When they filed the complaint, the lawyers knew that the hospital had stated that Smith had lost his hospital privileges because of his inadequate medical skill, yet their investigation turned up indications that his accusers had other, questionable motives, motives that the attorneys could not conclusively discern without discovery."

Smith v. Our Lady of the Lake Hosp., 960 F.2d 439, 447 (5th Cir. 1992)

The "reasonableness" of the inquiry is based on the attorney's objective knowledge or belief at the time of the filing as to whether the claim was well-grounded in law and facts.  Snow Ingredients, Inc. v. SnoWizard, Inc., 833 F.3d 512, 528 (5th Cir. 2016)

Like the above cited cases, Defendants, the employers, held the majority of evidence. Plaintiff's counsel had to rely upon the client almost exclusively for the facts.

The material facts provided by the client were: (1) he was on approved FMLA leave; (2) he had been determined to be disabled by Defendants' own insurance carrier; and (3) Defendants refused even to communicate with him when he presented ready to return to work.

These facts support a claim under the FMLA and ADA.  Plaintiff's counsel's conducted an objective and reasonable inquiry into the facts and law.

Defendants' contention that "Plaintiff's counsel necessarily knew that Plaintiff's EEOC *Charge* did not in any manner allege a failure-to-accommodate claim" is baseless. PageID #:912

" . .  the scope of an EEOC complaint should be construed liberally."  <u>Pacheco v. Mineta</u>, 448 F.3d 783, 788 (5th Cir. 2006)

" . . . [T]his court interprets what is properly embraced in review of a Title-VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination."  <u>Sanchez v. Standard Brands, Inc</u>., 431, F.2d 455, 466 (5th Cir. 1970)  also see U.S. Dist Lexis 26125 Case No. 3:18-CV-149-WKW-GMB

Plaintiff's letter of complaint attached to his Charge of Discrimination states "I believe I have been discriminated against based on my disability or perceived disability."   Exhibit 5, attached hereto.

Plaintiff also stated in his letter of complaint that Defendants refused to speak with him about his release to return to work.

These facts are sufficient for an ADA investigation to be reasonably expected to grow to include a failure to accommodate.

Defendants knew Plaintiff had been determined to be disabled.  A reasonable inference for Defendants' failure even to speak to Plaintiff is that it did not want to have the subject of accommodation even raised.

Defendants' contention that Plaintiff did not exhaust his administrative remedies on the failure to accommodate claim and Plaintiff should have known it is without merit.

Defendants have taken inconsistent positions by claiming in the litigation Plaintiff was not a qualified individual for his job.  PageID #:912

On the Personnel Change/Termination form dated March 28, 2019, Defendants indicate Plaintiff was eligible for rehire as an "approved driver."  Exhibit 6, attached hereto.

Contradictory positions taken by an employer can raise an inference of discrimination.

The ADA specifically precludes discrimination based upon a perceived disability.

The evidence shows Defendants knew Plaintiff was determined to have a disability and failed to send him to their contract physician for a DOT medical certification as was its policy. Defendants just refused to speak to Plaintiff.  These are sufficient facts upon which to base a legitimate ADA claim based upon a perceived disability.

Defendant CKJ Transport of North Texas, LLC was added as a party because it first became known at Ginger Kennemer's deposition that substantially all assets and employees of Defendant CKJ Trucking, LP had been transferred to the new entity, Defendant CKJ Transport of North Texas, LLC.  Ex. 1, <u>Kennemer depo.</u>, 20:16-23:18, attached hereto.

Defendants should have disclosed this fact much earlier pursuant to its obligation under the mandatory disclosure requirements of the Court.

Indeed, the Personnel Charge/Termination form is a CKJ Transport form. Exhibit 6, attached hereto.

Any competent attorney would have sought leave to amend its complaint to add the transferee entity.

## IV.  CONCLUSION

Plaintiff's counsel complied with the requirements of F.R.C.P. 11.  Plaintiff's counsel made as complete of an investigation into the facts and law as was possible before filing

Plaintiff's complaint.   Defendants were in possession and control of the majority of the documentation of Plaintiff's employment with it. Plaintiff's counsel necessarily relied upon Plaintiff for the facts.

These material facts were: Plaintiff was on approved FMLA leave; Plaintiff had been determined to be disabled by Defendants disability insurance carrier; Plaintiff reported back to work before his FMLA was to expire; Defendants refused to restore him to work.   In fact, Defendants refused even to speak with him at all about his return to work or his ability to return to work.

These facts which are uncontroverted are sufficient to support a violation of the FMLA and ADA.  After suit was filed, Defendants admit they would not restore Plaintiff to work even with a medical release or speak with him unless the attorney's letter from Mr. O'Hanlon was somehow modified.  Defendants admit they never communicated its position to Plaintiff.

Further, the sole basis communicated to Plaintiff by Defendants for not speaking with him restoring him to work was that Plaintiff was represented by counsel on an unrelated matter. This basis should not be considered a "legitimate, nondiscriminatory reason for the adverse employment action."   See Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005) and 29 C.F.R. §825.216(a) ("An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.")

Defendant has made no such showing.

Based upon these facts and the above cited law, Defendants' motion for sanctions is baseless and groundless.  Plaintiff's counsel respectfully urges Defendants' motion for sanctions be in all things denied.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court deny Defendants' Motion for Sanctions (dkt#46); and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R.  HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 76090
903-893-1616
903-813-3265 (fax)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff_____
Ronald R.  Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 5, 2019, a true and correct copy of the foregoing was forwarded electronically via the CM/ECF system in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

John L. Ross
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201

/s/   Ronald R. Huff_____
Ronald R. Huff