IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CA NO. 4:18-CV-818-ALM-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT EXHIBIT (DOCKET NO. 55-1)**

Pursuant to Rule 56(c)(2) and 56(e), *Fed. R. Civ. P.*, *Local Rule* CV-56, and the Court's recent *Order* (Docket No. 61), Defendants respectfully file the following objections to Plaintiff's supplemental summary judgment exhibit (Docket No. 55-1) and ask that it be stricken.

**A. APPLICABLE LAW—*FED. R. CIV. P.* 56(C) SUMMARY JUDGMENT EVIDENCE, GENERALLY:**

"'[A]dmissibility of evidence on a motion for summary judgment is subject to the same standards as rules that govern admissibility of evidence at trial.'" *Williams v. Valenti*, 2011 WL 2650883, at 2, n. 3 (5th Cir. July 7, 2011) (quoting *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 650, n. 3 (5th Cir. 1992)). *Accord, e.g., Brigham v. Anderson*, 2016 WL 1212724, at 4 (E.D. Tex. Feb. 25, 2016), *rep. and recomm. adopted*, 2016 WL 1183184 (E.D. Tex. Mar. 28, 2016). This includes satisfaction of the *Fed. R. Evid.* requirements regard-

ing hearsay,[1] authentication,[2] and relevance.[3]

When evidence submitted in opposition to a motion for summary judgment is inadmissible, the proper procedure under *Fed. R. Civ. P.* 56(c)(2) is to file objections and/or a request to strike.[4] *E.g.*, *United States v. Shaw Group, Inc.*, 2016 WL 4799073, at 7 (E.D. La. Sept. 14, 2016) ("Rule 56(c)(2) clearly allows a party to object that an asserted fact is not supported by admissible evidence[.]"); *Johnson v. Mayhill Behavioral Health, LLC*, 2016 WL 4196648, at 1 (E.D. Tex. Aug. 9, 2016) (**Mazzant, J**.):

> "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Fed. R. Civ. P.* 56(c). "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge set out facts that would be admissible in evidence, and show

---

[1] *See, e.g., United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008) ("[T]he affidavit clearly contained hearsay, was not based on personal knowledge, and, under normal summary judgment procedures, is not admissible."); *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997) (hearsay statements were "incompetent summary judgment evidence").

[2] *See, e.g., Quibodeaux v. Nautilus Ins. Co.*, 2016 WL 3644641, at 3 (5th Cir. July 7, 2016) ("the document is unauthenticated and thus is improper as summary judgment evidence," citing *King v. Dogan*, 31 F .3d 344, 346 (5th Cir. 1994); *Armstrong v. Hexion Specialty Chem. Inc.*, 2010 WL 11530618, at 3 (E.D. Tex. Mar. 19, 2010) ("A party may not support or oppose a summary judgment motion using unauthenticated documents.").

[3] Evidence—even if otherwise admissible—is only "relevant" if it has a tendency in logic to make a fact which is material to the determination of an issue in a case more or less probable. *Fed. R. Evid.* 401. A fact is not "material" unless its resolution in favor of one party might affect the outcome of the suit under governing law, and a dispute regarding a material fact is not "genuine" unless the evidence is sufficient for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] "(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses such knowledge. *Amie v. El Paso Sch. Dist.*, 253 Fed. App'x. 447, 451 (5th Cir. 2007).

*Accord Reed v. Marmaxx Op. Corp.*, 2014 WL 5846408, at 2 (E.D. Tex. Nov. 10, 2014) (**Mazzant, M.J.**).

**B. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT EXHIBIT (DOCKET NO. 55-1):**

The supplemental exhibit is unauthenticated, inadmissible hearsay, with no proper predicate laid for any exception. Specifically, the document purports to be a doctor's note from the office of Dr. J.E. Froelich, D.O., of the Family Care Clinic. However:

- although the document purports to be a medical release to return to work "12-20-2017," the document, itself, is undated, *i.e.*, the date of its creation is unknown;

- the author and circumstances of its creation is unknown and has not been established by any competent evidence;

- the document appears to have been copied on top of another wholly unauthenticated document which contains a purported date of "9-4-19;" and

- all medical records of the Family Care Clinic regarding Plaintiff were obtained through a subpoena and deposition on written questions on February 26, 2019 (Docket No. 58-1) and Docket No. 55-1 nowhere appears in the doctor's/clinic's records.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendants' objections to Docket No. 55-1 should be **SUSTAINED** and the document **STRICKEN**.

Respectfully submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[5]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 11th day of October, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

---

[5] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization

4