IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-818 |
| | § | |
| CKJ TRUCKING, LP, ET AL. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**DEPOSITION DESIGNATIONS (DKT# 69)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** David W. Spindle, Plaintiff in the above-entitled cause, and hereby responds to Defendants CKJ Trucking, LP and CKJ Transport of North Texas, LLC's deposition designations (Dkt#69), and would show the Court as follows:

**I. General Objections**

A.  Defendants' filing is inappropriate and outside the scope of the Scheduling Order (dkt#15) entered by the Court on February 25, 2019.

The initial disclosure of videotaped deposition testimony is to be served on the parties not the Court. PageID#: 81. Only the objections to videotaped deposition designations "shall be presented to the Court." PageID#: 81.

B.  Defendants have improperly designated the proposed testimony by identifying it as "yellow-highlighted portions" of Plaintiff's deposition testimony as contained in Docket No. 35-2, Exhibit 1.

However, Docket No. 35-2 is an attachment to a document, Docket No. 35, which was deemed deficient by the District Clerk's office upon filing. As such, Docket No. 35, including its attachments, is not a valid filing in this matter.

**Plaintiff's Response to Defendants' Deposition Designations – Page 1**
Federal\spindle\obj.depo.test\120319\jrh

C. Defendant's designated document, Docket No. 35-2, is 60 pages long. This is voluminous and constitutes an excessive designation of videotaped deposition testimony from a witness who, as a party to the cause, will be present and will testify in person at trial.

Therefore, Defendants' designation of such a large volume of testimony from a party is without purpose.

D. The Scheduling Order (dkt#15) specifies that disclosure of videotaped deposition testimony is to be made by identifying the line and page numbers of the testimony to be offered. PageID #:81

Defendants have failed to identify the testimony with such specificity.

Referencing testimony which is in the "yellow-highlighted portions" of Plaintiff's deposition testimony as contained in an exhibit to another (unfiled) document is insufficient.

## II. Objections to Designated Video Deposition Testimony

A. Defendants' designation of Plaintiff's deposition testimony.

Other than for impeachment, there is no reason for Defendants to use videotaped deposition testimony of Plaintiff, since he will be available for cross-examination at trial.

Of course, there may well be no basis for impeachment depending on the questions and answers.

After conferring with Defendants, any areas of non-agreement will be presented to the Court per the Scheduling Order.

B. Plaintiff's unemployment claim is irrelevant and hearsay.

The following testimony pertains to Plaintiff's unemployment claim and is irrelevant and hearsay.

p. 91, l. 21 through p. 92, l. 6

p. 92, l. 7-9

p. 96, l. 13-20

p. 97, l. 2-25

p. 98, l. 1-3

This testimony concerns the filing and determination of Plaintiff's unemployment claim and is irrelevant and hearsay.

### III.  Conclusion

Pursuant to the Court's Scheduling Order PageID #:   81, after a conference between the parties, any unresolved issues regarding the designation of videotaped deposition testimony of Mr. Spindle will be timely presented to the Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Court disregard Defendants' designation of videotaped deposition testimony of Plaintiff in its entirety as not in compliance with this Court's Scheduling Order PageID#:   81.

Respectfully submitted,

**RONALD R.  HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 76090
903-893-1616
903-813-3265 (fax)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff_____
Ronald R.  Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 3, 2019, a true and correct copy of the foregoing was forwarded electronically via the CM/ECF system in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

John L. Ross
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201

/s/   Ronald R. Huff
Ronald R. Huff