# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID W. SPINDLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:18-cv-818** |
| | § | |
| **CKJ TRUCKING, LP,** | § | |
| **CKJ TRANSPORT OF NORTH TEXAS, LLC** | § | |
| | § | |
| **DEFENDANT.** | § | |

## JOINT FINAL PRETRIAL ORDER

This cause came before the Court at a pretrial management conference held on January 6, 2020, pursuant to *Local Rule* CV-16 and Rule 16 of the *Federal Rules of Civil Procedure*.

**A. COUNSEL FOR THE PARTIES:**

*Plaintiff:*

Ronald R. Huff
Law Office of Ronald R. Huff
112 S. Crockett St.
Sherman, Texas 75090
903-893-1616
903-813-3265 (facsimile)
ronhuff@gcecisp.com

*Defendants:*

John L. Ross
Thompson, Coe, Cousins & Irons, L.L.P.
700 North Pearl Street, Suite 2500
Dallas, Texas 75201
Phone:	(214) 871-8206
Fax:	(214) 871-8209
jross@thompsoncoe.com

## B. STATEMENT OF JURISDICTION:

Jurisdiction is founded on federal question, specifically 42 U.S.C. § 12101, *et seq.* (the AMERICANS WITH DISABILITIES ACT of 1990) ("ADA"), as amended; and 29 U.S.C. § 2601, *et seq.* (the FAMILY AND MEDICAL LEAVE ACT) ("FMLA"), as amended.

## C. NATURE OF ACTION:

### *Plaintiff's Position*

1. Plaintiff contends he was discharged in violation of 42 U.S.C. §12101, *et seq.* (the AMERICANS WITH DISABILITIES ACT of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination on the basis of disability or perceived disability.

2. Plaintiff contends Defendants failed to engage in any inter-active process to determine what accommodation, if any, was appropriate for his return to work.

3. Plaintiff contends he sustained actual damages as a result of Defendants actions in violation of 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

4. Plaintiff seeks reasonable and necessary attorney's fees as provided under 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

5. Plaintiff contends he sustained actual damages as provided under 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

6. Plaintiff contends he was discharged in violation of 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

7. Plaintiff contends Defendants failed to restore Plaintiff to his position or a similar position when he reported back to work before his FMLA leave expired.

8. Plaintiff contends he sustained actual damages as a result of Defendants actions in violation of 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

9. Plaintiff seeks reasonable and necessary attorney's fees as provided under 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

10. Plaintiff contends he sustained actual damages as provided under 29 U.S.C. § 2601, *et seq. (*The Family and Medical Leave Act) ("FMLA"), as amended.

### *Defendants' Position*

Defendants deny Plaintiff's allegations and reassert all defenses asserted in their pleadings and the grounds for summary judgment asserted in their pending motions for summary judgment.

### D. CONTENTIONS OF THE PARTIES

### *Plaintiff's Contentions*

1. Plaintiff was employed as a tractor-trailer operated by Defendants from on or about August 18, 2015 to December 19, 2017.

2. Plaintiff was approved by Defendants for FMLA leave from on or about July 16, 2017 to on or about December 20, 2017.

3. Plaintiff was approved by Defendants' insurance carrier, Mutual of Omaha, for short-term disability leave from on or about July 16, 2017 to on or about December 21, 2017.

4. On or about December 19, 2017, Plaintiff presented to Defendants' offices with a physician's release to return to work without restrictions on December 20, 2017.

5. Plaintiff told Defendants' representative, Rick Russell, his physician had fully released him to return to work without restrictions on December 20, 2017. Plaintiff inquired when he was to start back to work.

6. Defendants' terminal manager, Rick Russell, told Plaintiff he was instructed by Ginger Kennemer not to speak with Plaintiff. Russell told Plaintiff to call Mike Downs, Defendants' district supervisor.

7. Plaintiff telephoned Downs, who told Plaintiff he was instructed by Ginger Kennemer not to speak with Plaintiff.

8. Defendants never attempted to contact Plaintiff after this.

9. Defendants discharged Plaintiff effective March 28, 2018 for alleged job abandonment as reflected on Defendants' Personnel Change/Termination form dated March 28, 2018.

10. Plaintiff was never informed by Defendants that it had discharged him.

11. Defendants' excuse for not speaking with Plaintiff and restoring him to work is that a lawyer, Mr. Anthony O'Hanlon, inquired by correspondence dated October 2, 2017, whether a foot injury Plaintiff had previously sustained on the job was covered by insurance.

12. Mr. O'Hanlon specifically asked Defendants to contact him about insurance coverage for the foot injury.

13. Defendants never attempted to respond to Mr. O'Hanlon.

14. Defendants' excuse for not speaking with Plaintiff and restoring him to work is pretext and is not a legal defense to comply with the FMLA.

15. Defendants' decision to not speak with Plaintiff when he presented to work is a violation of the ADA.

16. Defendants knew Plaintiff was considered to be disabled while he was on leave.

17. The short-term disability insurance carrier, Mutual of Omaha, determined Plaintiff to be temporarily disabled effective July 16, 2017 and informed Defendants of this fact in monthly letters.

18. Defendants' decision to discharge Plaintiff effective March 28, 2018 after he filed suit constitutes retaliation under the ADA and FMLA.

*Defendants' Contentions*

1. Defendants deny each of the foregoing contentions, both factually and legally.

2. Defendants' reiterate the contentions stated in their motions for summary judgment.

3. Defendants reiterate the denials of Plaintiff's allegations asserted in their pleadings.

4. Defendants reiterate the affirmative defenses asserted in their responsive pleadings and motions for summary judgment.

**E. STIPULATIONS AND UNCONTESTED FACTS**

None.

**F. CONTESTED ISSUES OF FACT AND LAW**

*Issues of Law*

**Plaintiff's Issues of Law**

1. Whether Defendants violated 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination based on his disability or perceived disability.

2. Whether Defendants violated 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

3. Whether Defendants' proffered reasons for discharge were a pretext for discrimination.

4. Whether Plaintiff sustained actual damages because of Defendants' violation of 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

5. Whether Plaintiff sustained actual damages because of Defendants' violated 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

6. Whether Plaintiff is entitled to reasonable and necessary attorney's fees.

7. Whether Plaintiff is entitled to reinstatement.

***Defendants' Issues of Law:***

1. Whether Defendants are entitled to summary judgment/judgment for the reasons set forth in their previously filed motion for summary judgment.

2. Whether Defendants are entitled to judgment or judgment as a matter of law for the reasons cited in Defendants' responsive pleadings.

3. Defendants deny Plaintiff's allegations in their entirety.

4. Whether Plaintiff failed to exhaust administrative remedies regarding his claims—particularly regarding his disparate impact allegation(s), and regarding CKJ Transport of North Texas, LLC.

5. Whether Plaintiff was subjected to an adverse personnel action.

6. Whether Plaintiff was a qualified individual with a disability.

7. Whether Plaintiff was subjected to a materially adverse personnel action.

8. Whether Defendant(s) failed to "engage in the interactive process."

9. Whether Plaintiff failed to mitigate his damages, if any.

10. Whether Plaintiff's own deposition testimony negates his right to relief.

*Contested Issues of Fact*

**Plaintiff's Issues of Fact**

1. Whether Defendants discriminated against Plaintiff on the basis of his disability or perceived disability.

2. Whether Defendants violated 42 U.S.C. §12101, *et seq.* (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

3. Whether Defendants violated 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

4. Whether Defendants' stated reason for discharging Plaintiff is a pretext, not true and/or not credible.

5. Amount of actual damages sustained by Plaintiff.

**Defendants' Issues of Fact**

1. Whether Plaintiff was subjected to an adverse personnel action.

2. Whether Plaintiff was a qualified individual with a disability.

3. Whether Plaintiff was subjected to a materially adverse personnel action.

4. Whether Defendant(s) failed to "engage in the interactive process."

5. Whether Plaintiff failed to mitigate his damages, if any.

6. Whether Plaintiff suffered any damages.

7. Whether Plaintiff's own deposition testimony negates his right to relief.

8. Whether CKJ Transport of North Texas, LLC, was Plaintiff's "employer."

9. Each of the factual and legal grounds for summary judgment articulated in Defendants' motions for summary judgment, briefing, and supporting documents.

10, Each of the disputed issues of law and fact stated in Defendants' summary judgment briefing.

**G. LIST OF WITNESSES**

*Plaintiff's Witnesses*

Plaintiff's Witnesses Who Will Be Called:

David W. Spindle *(In Person)*
Rick Russell *(In Person and by Deposition)*
Michael Downs *(In Person and by Deposition)*
Ginger Kennemer (*In Person and by Deposition*)

Plaintiff's Witnesses Who May Be Called:

Anthony O'Hanlon *(In Person)*
Crystal Dalton *(In Person)*

Any and all witnesses offered by Defendant in this trial.

*Defendant's Witnesses*

Defendant's Witnesses Who Will Be Called

Rick Russell
Michael Downs
Ginger Kennemer

Defendant's Witnesses Who May Be Called

Crystal Dalton

**H. LIST OF EXHIBITS**

*Plaintiff's List of Exhibits:*

See Plaintiff's Exhibit List, attached hereto.

Any and all exhibits offered by Defendants.

*Defendant's Exhibits*

See Defendants' attached Exhibit List.

Any and all exhibits offered by Plaintiff.

**I. LIST OF ANY PENDING MOTIONS**

1. Defendants' motion for summary judgment.

2. Defendants' motion for sanctions.

3. The parties' motions *in limine*.

**J. PROBABLE LENGTH OF TRIAL**

The probable length of trial is three (3) days.

**K. MANAGEMENT CONFERENCE LIMITATIONS**

None known at this time.

**L. CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

3. Each exhibit in the List of Exhibits herein:

   (a) is in existence;

   (b) is numbered; and

   (c) has been disclosed and shown to opposing counsel.

**APPROVED AS TO FORM AND SUBSTANCE:**

/s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
112 South Crockett Street
Sherman, TX 75090
Telephone: (903) 893-1616
Facsimile: (903) 813-3265
ronhuff@gcecisp.com

**ATTORNEY FOR PLAINTIFF DAVID W. SPINDLE**

John L. Ross
Thompson, Coe, Cousins & Irons, L.L.P.
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Phone:    (214) 871-8206
Fax:       (214) 871-8209
jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**DAVID W. SPINDLE** §
§
**vs.** § **CIVIL ACTION NO. 4:18-cv-818**
§
**CKJ TRUCKING, LP, ET AL.** §

**PLAINTIFF DAVID W. SPINDLE'S TRIAL EXHIBIT LIST**

| Plaintiff's Exhibit No. | Description | Offer | Obj. | Admit | Denied |
|---|---|---|---|---|---|
| 1. | CKJ Trucking LP Policy & Procedure Manual (CKJ Trucking 000260-286) | | | | |
| 2. | Annual Review dated 3/24/2017 (CKJ Trucking 000073-77) | | | | |
| 3. | Mutual of Omaha STD claim form dated 4/12/2017 (CKJ Trucking 000238-240) | | | | |
| 4. | Mutual of Omaha STD claim form dated 4/14/2017 (Spindle Depo. Ex. 59/000030) | | | | |
| 5. | Operative Report dated 4/13/2017 (Spindle Depo. Ex. 57/000016-17) | | | | |
| 6. | Mutual of Omaha claim correspondence dated 4/24/2017 (Spindle Depo. Ex. 62/000027) | | | | |
| 7. | Return to work note from Dr. Hayes dated 4/26/2017 (CKJ Trucking 000236) | | | | |
| 8. | TMC Work Release Form for 7/17-19/2017 (DWS – 000025) | | | | |
| 9. | Family Care Clinic patient notes dated 7/25/2017 with return to work date of 8/26/2017 (Spindle Depo. Ex. 68/000007) | | | | |
| 10. | Mutual of Omaha STD claim form dated 7/25/2017 (CKJ Trucking 000505) | | | | |
| 11. | TexomaCare progress notes dated 7/28/2017 (Spindle Depo. Ex. 71/000101-102) | | | | |
| 12. | Mutual of Omaha physician statement dated 8/8/2017 (Spindle Depo. Ex. 75/000146-147) | | | | |
| 13. | Mutual of Omaha claim correspondence dated 8/11/2017 (Spindle Depo. Ex. 77/000142-143) | | | | |
| 14. | Mutual of Omaha STD claim form dated 7/28/2017 (Spindle Depo. Ex. 70/000017) | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 15. | Family Care Clinic Certificate to Return to Work on August 26, 2017 (CKJ Trucking 000235) | | | | |
| 16. | Mutual of Omaha claim correspondence dated 8/31/2017 (Spindle Depo. Ex. 80/000139) | | | | |
| 17. | TMC Operative Record dated 9/7/2017 (Spindle Depo. Ex. 82/000099-100) | | | | |
| 18. | Mutual of Omaha claim correspondence dated 9/21/2017 (Spindle Depo. Ex. 83/000133) | | | | |
| 19. | Mutual of Omaha claim correspondence dated 10/12/2017 (Spindle Depo. Ex. 89/000127) | | | | |
| 20. | Family Care Clinic Certificate to Return to Work on 12/20/2017 with business records affidavit (DWS – 000389-392) | | | | |
| 21. | Mutual of Omaha claim correspondence dated 1/2/2018 (Spindle Depo. Ex. 103/000055) | | | | |
| 22. | Mutual of Omaha claim correspondence to G. Kennemer dated 1/4/2018 (CKJ Trucking 000121) | | | | |
| 23. | Letter dated 10/2/2017 from Anthony O'Hanlon to Defendant (CKJ Trucking 000142-144) | | | | |
| 24. | Great American Insurance Group correspondence to O'Hanlon dated 10/11/2017 (CKJ Trucking 000126) | | | | |
| 25. | Email dated 12/19/2017 from R. Russell to M. Downs and G. Kennemer (CKJ Trucking 000525) | | | | |
| 26. | Email dated 2/7/2018 from G. Kennemer to Crystal Dalton (CKJ Trucking 000141) | | | | |
| 27. | Statements dated Feb. 2018 from G. Kennemer to Texas Workforce Commission (Spindle Depo. Ex. 106; specifically pp. 5 & 6 of 16) | | | | |
| 28. | Personnel Change/Termination form dated 3/28/2019 (CKJ Trucking 000492) | | | | |
| 29. | Direct Deposit Earnings Statement and Driver Weekly Payroll Record dated 7/21/2017 for pay period 7/9/2017 to 7/15/2017 (DWS – 000339-342) | | | | |
| 30. | 2017 W-2 from CKJ Trucking LP (DWS – | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | 000043) | | | | |
| 31. | 2016 W-2 from CKJ Trucking LP (CKJ Trucking 000362) | | | | |
| 32. | Social Security Administration benefit award letter dated 7/23/2019 (DWS - 000388) | | | | |
| 33. | Social Security Administration benefit award letter for 2020 *(to be produced upon receipt)* | | | | |
| 34. | 1099 for 2019 Social Security benefits *(to be produced upon receipt in 2020)* | | | | |
| 35. | Plaintiff's most recent pay statement from current employer, if any *(to be produced prior to trial setting upon receipt in 2020)* | | | | |
| 36. | 2019 W-2 from Plaintiff's current employer, if any *(to be produced upon receipt in 2020)* | | | | |
| | | | | | |
| 37. | Demonstrative Exhibit on Damages | | | | |
| | | | | | |
| | Oral Deposition of Rick Russell dated 5/16/2019, for impeachment purposes only | | | | |
| | Oral Deposition of Michael Downs dated 5/16/2019, for impeachment purposes only | | | | |
| | Oral Deposition of Ginger Kennemer dated 5/17/2019, for impeachment purposes only | | | | |
| | Defendant's First Amended Objections and Responses to Plaintiff's First Interrogatories dated May 11, 2019, for impeachment purposes only | | | | |
| | | | | | |
| | Any and all exhibits offered by Defendant | | | | |

## DEFENDANTS' EXHIBITS

The fact an exhibit is marked for identification does not necessarily mean Defendants will offer the exhibit. Additionally, any or all of the marked exhibits may be offered for a limited purposed and not substantively. The marking of an exhibit is not any admission or agreement by Defendants that the exhibit is admissible (1) substantively into evidence; or (2) for *any* purpose if offered by Plaintiff.

Whether an exhibit will actually be offered depends on the (1) Court's rulings on the parties' motions *in limine.* (2) the Court's rulings on the pending motions for summary judgment; (3) evidence offered by Plaintiff; and (3) other developments of the trial. Additionally, Defendants reserve the right to offer any exhibit—either substantively or for a limited purpose—(1) which is marked for identification by Plaintiff; or (2) to offer exhibits (i) as impeachment or (ii) in rebuttal of issues or matters which could not reasonably have been anticipated in advance of the trial.

Because of the unpredictability of the actual presentation of the evidence depending on the Court's disposition of the pending motions, it is impossible to know at this point which, if any, documents will, in fact, be offered into evidence and which may be offered if the need arises.

| No. | Date | Description | Offered | No Obj | P's Obj's (if any) | Adm. | Adm. as Ltd.-Mod. |
|---|---|---|---|---|---|---|---|
| 1. | | Excerpts from Plaintiff's answers to interrogatories | | | | | |

| No. | Date | Description | Offered | No Obj | P's Obj's (if any) | Adm. | Adm. as Ltd.- Mod. |
|---|---|---|---|---|---|---|---|
| 2. | 05/09/09 | CKJ Change/Termination Form (Depo. Ex. 15) | | | | | |
| 3. | 01/11/13 | Plaintiff's resignation (Depo. Ex. 18) | | | | | |
| 4. | 08/18/15 | Plaintiff's Driver Application (Depo. Ex. 22) | | | | | |
| 5. | 04/08/17 | CDL Compliance Certificate ((Depo. Ex. 23) | | | | | |
| 6. | 09/26/17 | Expiration of Plaintiff's DOT Medical Examiner's Certificate (Depo. Ex. 38) | | | | | |
| 7. | 10/02/17 | Notice of Claim from Anthony O'Hanlon (Depo. Ex. 84) | | | | | |
| 8. | 12/19/17 | Rick Russell email (Depo. Ex. 100) | | | | | |
| 9. | 01/24/18 | Texas Workforce Commission records (Depo. Ex. 106) | | | | | |
| 10. | 01/25/18 | Texas Workforce Commission Notice of Application for Unemployment Benefits (Depo. Ex. 107) | | | | | |
| 11. | 02/01/18 | Texas Workforce Commission, statement by Plaintiff (Depo. Ex. 108) | | | | | |

| No. | Date | Description | Offered | No Obj | P's Obj's (if any) | Adm. | Adm. as Ltd.-Mod. |
|---|---|---|---|---|---|---|---|
| 12. | 02/28/18 | Texas Workforce Commission Determination (Depo. Ex. 112) | | | | | |
| 13. | 07/25/18 | Adult Patient Information, Plaintiff's patient history provided to Family Care Clinic, Plaintiff listed his occupation as "retired" (Depo. Ex. 116) | | | | | |
| 14. | 08/24/18 | Medical Admission form, Texoma Medical Center, plaintiff again reported his occupation as "retired" | | | | | |
| 15. | | Truck driver vacancies (Depo. Ex. 123) | | | | | |
| 16. | | Truck driver vacancies (Depo. Ex. 124) | | | | | |
| 17. | | Truck driver vacancies (Depo. Ex. 125) | | | | | |
| 18. | | Personnel Manual (CKJ 000260-000286) | | | | | |
| 19. | | | | | | | |
| 20. | | | | | | | |
| 21. | | | | | | | |

3

| No. | Date | Description | Offered | No Obj | P's Obj's (if any) | Adm. | Adm. as Ltd.- Mod. |
|---|---|---|---|---|---|---|---|
| 22. | | | | | | | |
| 23. | | | | | | | |
| 24. | | | | | | | |
| 25. | | | | | | | |
| 26. | | | | | | | |
| 27. | | | | | | | |
| 28. | | | | | | | |