## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | CA NO. 4:18-CV-818-SDJ-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

---

### DEFENDANTS' REQUESTED JURY INSTRUCTIONS AND VERDICT FORM

---

Defendants' respectfully submit the following proposed jury instructions and verdict form. For the reasons stated in *Defendants' Motions for Summary Judgment* (Docket Nos. 36 and 40), supporting exhibits (Docket No. 40-1 through 40-7), briefing (Docket No. 49), and objections to Plaintiffs' summary judgment evidence (Docket No. 47), Defendants motions for summary judgment should be granted and no jury charge or verdict form should be necessary. Nevertheless, if the Court denies summary judgment and, thereafter, decides to submit over Defendants' objections any of the issues encompassed by these requests, the issue(s) should be submitted in the form indicated. Additionally, modification or elimination of the requested instructions and proposed questions may be appropriate or required based upon the actual proof adduced at trial and the Court's ruling on Defendants' anticipated motions for judgment as a matter of law.

Respectfully submitted,

*/s/ John L. Ross*

**JOHN L. ROSS**
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Facsimile:  (214) 871-8209
Email:       jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 23rd day of December, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*

**JOHN L. ROSS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 4:18-CV-818-SDJ-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

**REQUESTED INSTRUCTION NO. 1: GENERAL INTRODUCTION FOR THE CHARGE:**[1]

## GENERAL INSTRUCTIONS FOR CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

---

[1] *Fifth Circuit Pattern Civil Jury Instructions*, § 3.1 (2014) ("FCPCJI").

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

**REQUESTED INSTRUCTION NO. 2: BURDEN OF PROOF:[3]**

The Plaintiff David Spindle has the burden of proving his claims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claims by a preponderance of the evidence, then Plaintiff may not recover on that claim.

---

[2] FCPCJI, § 2.16.

[3] FCPCJI, § 3.2.

**REQUESTED INSTRUCTION NO. 3: EVIDENCE:[4]**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**REQUESTED INSTRUCTION NO. 4: STIPULATIONS:[5]**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties have stipulated to the following facts:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____

---

[4] FCPCJI, § 3.3.

[5] FCPCJI, § 2.3.

**REQUESTED INSTRUCTION NO. 5: JUDICIAL NOTICE:[6]**

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].[7]

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

**REQUESTED INSTRUCTION NO. 6: WITNESSES:[8]**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not

---

[6] FCPCJI, § 2.4.

[7] Defendants anticipate that during the course of a trial in this case the Court may be called upon to take judicial notice of adjudicative facts.

[8] FCPCJI, § 3.4.

contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**REQUESTED INSTRUCTION NO. 7: IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT:**[9]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**REQUESTED INSTRUCTION NO. 8: NO INFERENCE FROM FILING SUIT:**[10]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may

---

[9] FCPCJI, § 2.11.

[10] FCPCJI, § 3.6.

make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**REQUESTED INSTRUCTION NO. 9 (IN CONNECTION WITH QUESTION NOS. 1-4):**[11]

**DISABILITY DISCRIMINATION CLAIM:**

This is an employment discrimination lawsuit under the AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

Plaintiff David Spindle claims that Defendant CKJ Trucking, L.P., discriminated against him because he had a disability by discharging him on or about December 20, 2017.[12]

---

[11] Defendants contend no instruction on ADA disability discrimination based on discharge is appropriate because, as established by Defendants' motions for summary judgment (Docket Nos. 36 and 40), as a matter of law: (1) Plaintiff has failed to present any evidence to meet any of the three definitions of "disability" (first *prima facie* element); (2) Plaintiff's own testimony that he has not held either a valid DOT CDL or valid DOT medical certification since September 2017, necessarily negates the second *prima facie* element, *i.e.*, he was not "otherwise qualified;" (3) he was not discharged/subjected to an adverse action (third element)—merely informed that CKJ officials had been instructed by Plaintiff's lawyer not to speak with him directly; and (4) there is no evidence of disparate treatment (fourth element).

[12] Although in his pleadings, Plaintiff also asserts a "regarded as disabled" theory, as explained in Defendants' motions for summary judgment, the summary judgment evidence is undisputed that his heart/circulatory condition was a transitory one, fully resolved with a complete, unrestricted return to work within six months or less. 42 U.S.C. § 12102(3)(B). Therefore, as a matter of law, the "regarded as" theory of liability is inapplicable.

Moreover, the "regarded as" theory is fundamentally inconsistent with an allegation that Plaintiff, in fact, suffers from a disability. *See, e.g., Christensen v. Titan Distrib., Inc.*, 481 F.3d 1085, 1091-92 (8th Cir. 2007) ("actually disabled" and "regarded as disabled" are "mutually exclusive"); *DiFillippo v. Special Metals Corp.*, 2011 WL 4595204, at 12 (N.D. N.Y. Sept. 30, 2011):

> Defendants are correct when they argue that these claims are legally inconsistent. One cannot be both disabled and regarded as disabled under the ADA at the same time since it is necessary that one have a recognized disability for the former claim and that a litigant be

***Footnote continued on next page . . .***

Defendant CKJ Trucking, L.P., denies Plaintiff's claim and contends:

1. Plaintiff was not discharged in December 2019.

2. That Plaintiff did not then suffer from a disability.

3. That Plaintiff was not then "otherwise qualified" because he possessed neither a valid Department of Transportation Driver's License nor valid Department of Transportation Medical Certification.

4. Plaintiff was not treated less favorably than any similarly situated employee who did not suffer from a disability.

It is unlawful for an employer to discriminate against an otherwise qualified employee because of the employee's disability or because the employer regarded the employee as having a disability. Unlawful discrimination can include discharging a qualified individual because of a disability.

To succeed in this case, Plaintiff must prove each of the following by a preponderance of the evidence:

1. That Plaintiff had [specify alleged impairment].

2. That such [specify alleged impairment] substantially limited his ability to [specify major life activity];[13]

---

***. . . footnote continued from previous page:***

unlawfully treated as disabled when he or she is not for the latter type of claim.

Knowledge of a medical condition, standing alone, does not support an inference that CKJ regarded Plaintiff as disabled. *See Ariza v. Loomis Armored US, LLC.*, 676 Fed. App'x. 224, 227 (5th Cir. 2017).

[13] Plaintiff is obligated to specify the major life activity allegedly substantially limited by his alleged impairment. *See, e.g., Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003) ("[N]o matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies.").

3. That CKJ Trucking, L.P., knew Plaintiff had [specify alleged disability].

4. That CKJ Trucking, L.P., discharged Plaintiff on or about December 20, 2019.

5. That on or about December 20, 2017, Plaintiff was a qualified individual who could have performed the essential functions of a semi-tractor-trailer driver.[14]

6. That CKJ Trucking, L.P., would not have discharged Plaintiff but for Plaintiff's [specify alleged disability].[15]

---

[14] Proof Plaintiff was a "qualified individual with a disability" is an essential element of both failure-to-accommodate and discharge claims *See, e.g., Feist v. La., Dep't of Justice*, 730 F.3d 450, 452 (5th Cir. 2013) (failure-to-accommodate); *McInnis v. Alamo Comm. College Dist.*, 207 F.3d 276, 279–80 (5th Cir. 2000) (disability discrimination). Whether a person is a "qualified individual with a disability" is determined as of the date of discharge. *E.g., Amsel v. Tex. Water Dev. Bd.*, 464 Fed. App'x. 395, 400 (5th Cir. 2012) ("Amsel focuses on his qualifications during his overall tenure. However, the question here is whether he was qualified at the time his position was eliminated."); *Fuentes v. Krypton Solutions, LLC*, 2013 WL 1391113, at 4 (E.D. Tex. April 4, 2013) (same). *See Moss v. Harris Cnty. Constable*, 851 F.3d 413, 418 (5th Cir. 2017) ("Moss argues that his sixteen years of honorable performance . . . show that he was qualified prior to his initial request for leave and that he remained qualified during his leave. We do not question whether Moss was qualified for his job prior to taking leave, instead the question is whether he was qualified at the time of his termination.").

[15] In light of *U. of Tex. SW Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) and *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167 (2009), the federal circuits have universally held that the "but for" standard of causation applies to disability discrimination claims under the ADA, and "mixed motives" analysis is wholly inapplicable. *See, e.g., Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019); *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019) ("*Gross* and *Nassar* dictate our decision here."); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 318 (6th Cir. 2012) (*en banc*) ("[*Gross*'s] rationale applies with equal force to the ADA."); *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 234 (4th Cir. 2016) ("The Supreme Court's analysis in *Gross* dictates the outcome here."); *Serwatka v. Rockwell Automation Inc.*, 591 F.3d 957, 963 (7th

***Footnote continued on next page . . .***

If Plaintiff has failed to prove any of these elements, then your verdict must be for CKJ Trucking, L.P.

A "disability" is a physical impairment which substantially limits one or more major life activities. In determining whether Plaintiff's [specify alleged impairment] substantially limits his ability to [specify major life activity affected],[16] you should compare his ability to [specify major life activity affected] with that of the average person.[17] In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient.

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

---

*. . . footnote continued from previous page:*

Cir. 2010) ("But in view of the Court's intervening decision in *Gross*, it is clear that the district court's decision . . . cannot be sustained.");

[16] Plaintiff is obligated to specify the major life activity allegedly substantially limited by his alleged impairment. *See*, *e.g.*, *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003) ("[N]o matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies.").

[17] *See Sutton v. United Airlines, Inc.*, 527 U.S. 471, 491 (1999) (a person is substantially limited in the life activity of working only if significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training skills and abilities).

**QUESTION NO. 1:**[18]

Did Plaintiff have a disability as of on or about December 20, 2017?

Answer "Yes" or "No."

_____

If you answered "Yes," then answer Question No. 2. Otherwise, do not answer Question No. 2 and proceed to Question No. ___.

**QUESTION NO. 2:**

Was Plaintiff an "otherwise qualified individual?"

Answer "Yes" or "No."

_____

If you answered "Yes," then answer Question No. 3. Otherwise, do not answer Question No. 3 and proceed to Question No. ___.

**QUESTION NO. 3:**

Was Plaintiff discharged on or about December 20, 2017?

Answer "Yes" or "No."

_____

**ANSWER:** _____ (**"YES" OR "NO"**)

If you answered "Yes," then answer Question No. 4. Otherwise, do not answer Question No. 4 and proceed to Question No. ___.

**QUESTION NO. 4:**

Was Plaintiff discharged because of his disability?

Answer "Yes" or "No."

_____

**ANSWER:** _____ (**"YES" OR "NO"**)

_____

[18] FCPCJI, § 11.8 and footnote 1,

**REQUESTED INSTRUCTION NO. 10 (IN CONNECTION WITH QUESTION NO. 5):[19]**

---

[19] Defendants contend no instruction or jury question regarding ADA failure-to-reasonably-accommodate is appropriate because, as established by Defendants' motions for summary judgment (Docket Nos. 36 and 40), as a matter of law:

(1) First, Plaintiff failed to exhaust administrative remedies regarding a failure to accommodate claim, *e.g.*, *Hamar v. Ashland, Inc.*, 211 Fed. App'x. 309, 310 (5th Cir. 2006) ("The two relevant claims, failure to accommodate and disparate treatment, represent distinct categories of disability discrimination under the ADA."). Filing a charge with the EEOC which only alleges disparate treatment disability discrimination does not exhaust administrative remedies regarding a reasonable accommodation claim. *See, e.g.*, *Hamar v. Ashland, Inc.*, 211 Fed. App'x. at 310; *Woods v. United Parcel Serv.*, 2018 WL 6729690, at 5 (N.D. Tex. Nov. 7, 2018) ("[A] plaintiff wishing to exhaust remedies regarding a failure-to-accommodate claim must allege specific facts enabling the EEOC to determine that she requested an accommodation and the employer denied it."), *rep. and recom. adopted*, 2018 WL 6727083 (N.D. Tex. Dec. 21, 2018); *Robles v. Tex. Tech Univ. Health Sci. Ctr.*, 131 F. Supp. 3d 616, 635 (W.D. Tex. 2015) (barring a failure-to-accommodate claim because "the EEOC Complaint does not assert Plaintiff ever requested a reasonable accommodation" or otherwise "suggest[ ] Defendants were aware an accommodation was needed");

(2) Second, Plaintiff has failed to make out a *prima facie* case of a failure-to-reasonably-accommodate claim because Plaintiff has to establish:

(a) he was a "qualified individual with a disability;"

(b) the disability and its consequential limitations were known by CKJ; and

(c) CKJ failed to make "reasonable accommodations" for the known limitations of the disability. *E.g.*, *Feist v. La., Dept. of Justice, Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

(3) Third, Plaintiff's contention CKJ failed to provide a "reasonable accommodation" by allegedly refusing to allow him to return to work "though he presented a full release" is oxymoronic and affirmatively *negates* Plaintiff's claim. The duty of reasonable accommodation only arises if an employee is *unable* to perform the essential functions of a job *without* an accommodation *which would allow the employee to do so. See, e.g.*, *Jones v. Walgreen Co.*, 679 F.3d 9, 19 (1st Cir. 2012) ("[A]n employer's duty to accommodate does not arise unless (at a bare minimum) the employee is able to perform the essential functions of his job with an accommodation."). Here, Plaintiff insists that as of December 20, 2017, he had been *fully* medically released to return to work and was *fully medically capable of*

***Footnote continued on next page . . .***

**REASONABLE ACCOMMODATION CLAIM:**[20]

Plaintiff claims that CKJ Trucking, L.P., failed to reasonably accommodate Plaintiff alleged disability by "discharging" him on or about December 20, 2017.

CKJ Trucking, L.P., denies Plaintiff's claims and contends:

1. That Plaintiff failed to timely exhaust mandatory administrative prerequisites to a "reasonable accommodation claim."

---

*. . . footnote continued from previous page:*

*operating a tractor-trailer <u>without the need for any accommodation</u>.* Ex. 1 (80:4 to 80:17, 81:21 to 82:3, and 101:21 to 102:8).

[20] For the reasons stated in Defendants' motions for summary judgment, as a matter of law Plaintiff is not entitled to submission of a failure-to-accommodate ADA claim because, *inter alia*: (1) as a matter of law, Plaintiff failed to exhaust administrative remedies regarding any reasonable accommodation claim; (2) Plaintiff's own testimony conclusively negates the first element of his *prima facie* case, *i.e.*, that Plaintiff was a qualified individual with a disability; (3) the duty of reasonable accommodation only arises if an employee is *unable* to perform the essential functions of a job *without* an accommodation *which would allow the employee to do so*, and here Plaintiff insists that as of December 20, 2017, he had been *fully* medically released to return to work and was *fully medically capable of operating a tractor- trailer <u>without the need for any accommodation</u>.* Ex. 1 (80:4 to 80:17, 81:21 to 82:3, and 101:21 to 102:8, emphasis added); (4) Plaintiff's adamant contention that he had been fully medically released and did not need any accommodation conclusively negates the second and third elements of Plaintiff's *prima facie* case; and (5) a failure-to-accommodate claim can only lie if a plaintiff has first established the *need* for an accommodation and *identified* an accommodation which would have allowed him to perform the essential functions of the job. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997); *Willis v. Conopco, Inc.*, 108 F.3d 282, 283 (11th Cir. 1997). The "interactive process is not an end in itself—it is a means to the end of forging reasonable accommodations." *Silva v. City of Hidalgo*, 575 Fed. App'x. 419, 424 (5th Cir. 2014) (quoting *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999)). Absent Plaintiff's need for an accommodation, there was no "interactive process" in which CKJ was required to engage. *See, e.g., Stafne v. Unicare Homes*, 266 F.3d 771, 774 (8th Cir. 2001) (employer had no duty to engage in interactive process where plaintiff presented no evidence that any accommodation would have enabled plaintiff to perform essential job functions).

2. That Plaintiff was not discharged in December 2019.

3. That Plaintiff did not then suffer from a disability.

4. That Plaintiff was not then "otherwise qualified" because he possessed neither a valid Department of Transportation Driver's License nor valid Department of Transportation Medical Certification.

5. Plaintiff was not treated less favorably than any similarly situated employee who did not suffer from a disability.

The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed in this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1. Plaintiff had a disability on December 20, 2017.

2. On December 20, 2017, Plaintiff was "otherwise qualified" to perform the essential functions of the position of semi-tractor-trailer operator.[21]

3. Plaintiff was discharged on or about December 20, 2017.

4. Plaintiff had [specify impairment];

---

[21] Plaintiff remains judicially bound by the allegations in his pleading (Docket No. 34 ¶¶ 12, 13, and 25) that he had received a *full* release from his doctor, effective December 20, 2017,[21] and by his deposition testimony (Docket No. 36-2 (Ex. 1 (80:4 to 80:17, 81:21 to 82:3, and 101:21 to 102:8)) that he had been fully medically released to return to work with no restrictions and no need for any accommodation. *See, e.g., Johnson v. Mayhill Behavioral Health, LLC*, 2016 WL 4196648, at 2 (E.D. Tex. Aug. 9, 2016) (**Mazzant, J**.) (citing *Taylor v. Coastal Sec., Ltd.*, 45 Fed. App'x. 326 (5th Cir. 2002) (affirming district court's ruling that Title VII plaintiff's affidavit was "self-serving" and "inadmissible due to its inconsistency with [plaintiff's] earlier deposition") and *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.")). The absence of any *need* for an accommodation conclusively negates the second and third elements of Plaintiff's *prima facie* reasonable accommodation claim

5. Such [specify impairment] substantially limited Plaintiff's ability to [specify major life activity or activities affected]. [22]

6. CKJ Trucking, L.P. knew of Plaintiff's [specify impairment].

7. Plaintiff requested an accommodation.

8. Providing [an] accommodation would have been reasonable; and

9. Defendant [name] failed to provide a reasonable accommodation.

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

---

[22] Plaintiff is obligated to specify the major life activity allegedly substantially limited by his alleged impairment. *See*, *e.g.*, *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003) ("[N]o matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies.").

**QUESTION NO. 2**

Did CKJ Trucking, L.P., fail to reasonably accommodate Plaintiff's disability?

Answer "Yes" or "No."

_____

**REGARDING PLAINTIFF'S REQUESTED INSTRUCTIONS REGARDING "INTERFERENCE WITH FMLA JOB RESTORATION" CLAIM:**

As a matter of law, Plaintiff's alleged FMLA claim should not be submitted to the jury because, *inter alia*:

First, Plaintiff admits that he was afforded his full entitlement to twelve weeks of FMLA leave. Docket No. 1 ¶¶ 8 and 9. In fact, Plaintiff admits he was afforded more than 20 weeks of medical leave in 2017. Ex. 1 (57:11 to 58:15 and 109:11 to 109:18). However, because Plaintiff admittedly was not able to return to work at the end of twelve weeks (*id.* (58:8 to 58:15)), **he no longer had a right under the FMLA to reinstatement in his former position. *See, e.g., Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2002); *Meadows v. Texar Fed. Credit Union*, 2007 WL 192942, at 26 (E.D. Tex. Jan. 22, 2007) ("The FMLA does not protect an employee who fails to return to work on or before the date her FMLA leave expires."); 29 C.F.R. § 825.216(c) ("If the employee is unable to perform an essential function of the position because of . . . the continuation of a serious health condition . . . the employee has no right to restoration to another position under the FMLA.")**.

Second, Plaintiff has not produced—and cannot produce—any evidence that he was subjected to an adverse action on December 20, 2017.

Third, similarly, Plaintiff has also failed to produce any evidence of a causal connection between his receipt of FMLA leave and any adverse action.

Fourth, Plaintiff admitted that he has no evidence of any disparate treatment *vis-à-vis* a similarly situated comparator. Ex. 2 (p. 66, Interrogatory No. 13).

Fifth, during his deposition Plaintiff expressly disavowed any belief that he was subjected to any adverse action because he received FMLA leave. Ex. 1 (109:11 to 109:18):

> Q. Yeah. You told us earlier that you were off for a period of about 24 weeks and that 12 weeks of that was covered under FMLA.
>
> A. Yes.
>
> Q. And my question is, *do you believe that the company didn't let you come back to work in December of 2017 because you had gotten 12 weeks of FMLA leave?*
>
> A. *No.*

Sixth, Plaintiff's proposed instruction wholly fails to comport with FCPCJI, § 11.20.[23]

### REGARDING PLAINTIFF'S BACK PAY INSTRUCTIONS:

No instruction regarding back pay should be given because—for the reasons cited in Defendants' motions for summary judgment—(1) as a matter of law, Plaintiff has not been qualified to hold a job as a semi-tractor-trailer driver since September 2017; and (2) as a matter of law Plaintiff failed to mitigate his damages.

---

[23] Plaintiff's requested instruction regarding "FMLA Damages—Losses Other Than Wages" is, as a matter of law, entirely inappropriate. *See* FCPCJI, § 11.23: "This instruction should be used when an employee is denied FMLA leave and is required to spend money for an alternative to the leave he or she claims was required under the FMLA." Here, however, Plaintiff admits he was afforded his full twelve weeks of FMLA leave and was not denied any FMLA leave.

First, Plaintiff admittedly has not held a valid DOT medical certification or CDL since his alleged "discharge" on December 20, 2017. Thus, as a matter of law he is not an "otherwise qualified" individual with a disability. A plaintiff cannot recover back pay or front pay for any period of time during which he is not able to work. *See, e.g.*, *Gamboa v. Henderson*, 2000 WL 1835289, at 4 (5th Cir. Nov. 29, 2000) (reversing an award of back pay for a Title VII plaintiff who was unable to work after her termination due to fibromyalgia); *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993) (denying award of back pay for period during which plaintiff was disabled); *Walston v. Sch. Bd.*, 566 F.2d 1201, 1206 (4th Cir. 1977) ("[plaintiff] may not recover for the school year during which she was pregnant and unable to teach"); *Rush v. Speedway Buick Pontiac GMC, Inc.*, 525 F.Supp.2d 1265, 1278–79 (D. Kan. 2007) (partial summary judgment granted to employer regarding back pay for period of time plaintiff failed to seek employment because of childbirth and complications from childbirth); *Nofles v. State Farm Mut. Auto. Ins. Co.*, 101 F.Supp.2d 805, 820 (E.D. Mo. 2000) (plaintiff could not recover back pay for period during which she was unable to work because of disability).

Second, Plaintiff repeatedly admitted he has made no effort whatsoever to find another truck driving job and has no interest whatsoever in doing so. Ex. 1 (43:25 to 44:5, 81:16 to 81:20, 110:23 to 111:8, 114:20 to 115:15, and 118:3 to 118:12); Exs. 17-19. Thus, as a matter of law he has failed to mitigate his alleged damages and is not entitled to recovery of any back pay or front pay. *Accord*, *e.g.*, *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) ("Although the employer is normally required to prove that substantially equivalent work was available . . . once the 'employer proves that an employee has not made reasonable efforts to obtain work the employer does not also have to establish the availability of substantially equivalent employment.'");

19

*Stephenson v. Nokia, Inc.*, 2008 WL 2669492, at 8 (N.D. Tex. May 1, 2008) (quoting *Sellers III*, summary judgment  granted for employer regarding plaintiffs failure to mitigate, without the necessity for proof substantially equivalent jobs were available, where plaintiff admitted she had not made any efforts to find comparable work). In these circumstances, the failure to mitigate also precludes recovery of front pay. *See Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 869 (5th Cir. 1991); *Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469 (5th Cir. 1988), *cert. denied*, 493 U.S. 842 (1989).

## REQUESTED INSTRUCTION NO. 11: REGARDING ADA DAMAGES

Emotional harm and mental anguish will not be presumed simply because a Plaintiff was a victim of discrimination. There must be proof of actual injury resulting from the illegal conduct. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support an emotional harm and mental anguish award. Plaintiffs must prove the existence, nature, and severity of any emotional harm and mental anguish allegedly suffered. Emotional harm and mental anguish may manifest themselves, for example, as sleeplessness, anxiety, stress, depression, marital strain, humiliation, emotional distress, loss of self-esteem, excessive fatigue, or a nervous breakdown. Physical manifestations of emotional harm and mental anguish may consist of ulcers, gastrointestinal disorders, hair loss, or headaches.[24]

## REQUESTED INSTRUCTION NO. 17: DUTY TO DELIBERATE:[25]

---

[24] *EEOC Policy Guidance No.* 915.002 § II(A) (2), at 10 (July 14, 1992); *Brady v. Fort Bend County*, 145 F.3d 691, 718 (5th Cir. 1998); *Eugene v. Rumsfeld*, 168 F. Supp. 2d 655, 678 (S.D. Tex. 2001).

[25] FCPCJI, § 3.7.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone,

Blackberry, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog, or website such as Facebook®, MySpace®, LinkedIn®, YouTube®, or Twitter®, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.[26]

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.[27]

If you need to communicate with me during you deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by

---

[26] This paragraph is a Defendants' requested modification of FCPCJI, § 3.7.

[27] This paragraph is Defendant's requested modification of FCPCJI, § 3.7.

meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

### CERTIFICATE

We, the jury, have answered the above and foregoing questions unanimously, and herewith return the same into court as our verdict.


_____        _____

Date                                                      Jury Foreperson

SIGNED at Sherman, Texas, this the \_\_\_\_ day of _____, 2020.

_____
**UNITED STATES DISTRICT JUDGE**