IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CA NO. 4:18-CV-818-SDJ-KPJ |
| CKJ TRUCKING, L.P., AND CKJ TRANSPORT OF NORTH TEXAS, LLC | § § § § | |
| DEFENDANTS. | § | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS LISTED IN THE JOINT PRETRIAL ORDER (DOCKET NO. 72)**

Pursuant to the Court's *Scheduling Order* (Docket No. 15), Defendants respectfully file the following objections to Plaintiff's trial exhibits listed in the *Joint Pretrial Order* (Docket No. 72).

**PLAINTIFF'S EXHIBIT NO. 3:**

Defendants object to the document on the following grounds:

(1) hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant;[1] and

---

[1] The document relates to an alleged toe injury of Plaintiff, which Plaintiff stipulated during his deposition was not the basis of any claim in this case. Plaintiff's Deposition, pp. 78-79:

> MR. HUFF: We'll stipulate to you, if it will save a little time and money, we're not claiming his toe is a disability in this case. We've not alleged that in the lawsuit either, but to make it clear on the record we'll stipulate to that.

> Q. (BY MR. ROSS) You have alleged retaliation for taking FMLA leave which was related to the toe injury.

*Footnote continued on next page . . .*

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 5:**

Defendants object to the document on the following grounds:

(1) hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant;[2] and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 6:**

Defendants object to the document on the following grounds:

(1) hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant;[3] and

---

*. . . footnote continued from previous page.*

> MR. HUFF: Well, we'll stipulate we're not—the FMLA leave is not related to the toe injury if that will clarify that.

[2] The document relates to an alleged toe injury of Plaintiff, which Plaintiff stipulated during his deposition was not the basis of any claim in this case. Plaintiff's Deposition, pp. 78-79:

> MR. HUFF: We'll stipulate to you, if it will save a little time and money, we're not claiming his toe is a disability in this case. We've not alleged that in the lawsuit either, but to make it clear on the record we'll stipulate to that.

> Q. (BY MR. ROSS) You have alleged retaliation for taking FMLA leave which was related to the toe injury.

> MR. HUFF: Well, we'll stipulate we're not—the FMLA leave is not related to the toe injury if that will clarify that.

[3] The document relates to an alleged toe injury of Plaintiff, which Plaintiff stipulated during his deposition was not the basis of any claim in this case. Plaintiff's Deposition, pp. 78-79:

*Footnote continued on next page . . .*

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 7:**

Defendants object to the document on the following grounds:

(1) hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant;[4] and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 9:**

Defendants object to the document on the following grounds:

---

*. . . footnote continued from previous page.*

> MR. HUFF: We'll stipulate to you, if it will save a little time and money, we're not claiming his toe is a disability in this case. We've not alleged that in the lawsuit either, but to make it clear on the record we'll stipulate to that.
>
> Q. (BY MR. ROSS) You have alleged retaliation for taking FMLA leave which was related to the toe injury.
>
> MR. HUFF: Well, we'll stipulate we're not—the FMLA leave is not related to the toe injury if that will clarify that.

[4] The document relates to an alleged toe injury of Plaintiff, which Plaintiff stipulated during his deposition was not the basis of any claim in this case. Plaintiff's Deposition, pp. 78-79:

> MR. HUFF: We'll stipulate to you, if it will save a little time and money, we're not claiming his toe is a disability in this case. We've not alleged that in the lawsuit either, but to make it clear on the record we'll stipulate to that.
>
> Q. (BY MR. ROSS) You have alleged retaliation for taking FMLA leave which was related to the toe injury.
>
> MR. HUFF: Well, we'll stipulate we're not—the FMLA leave is not related to the toe injury if that will clarify that.

(1) hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant;[5] and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 10:**

Defendants object to the document on the following grounds:

(1) hearsay, with no proper predicate for any exception; and

(2) lack of authentication;

**PLAINTIFF'S EXHIBIT NO. 11:**

Defendants object to the document on the following grounds:

Defendants object to the document on the following grounds:

(1) hearsay, with no proper predicate for any exception; and

(2) lack of authentication;

**PLAINTIFF'S EXHIBIT NO. 12:**

Defendants object to the document on the following grounds:

Defendants object to the document on the following grounds:

---

[5] The document relates to an alleged toe injury of Plaintiff, which Plaintiff stipulated during his deposition was not the basis of any claim in this case. Plaintiff's Deposition, pp. 78-79:

> MR. HUFF: We'll stipulate to you, if it will save a little time and money, we're not claiming his toe is a disability in this case. We've not alleged that in the lawsuit either, but to make it clear on the record we'll stipulate to that.
>
> Q. (BY MR. ROSS) You have alleged retaliation for taking FMLA leave which was related to the toe injury.
>
> MR. HUFF: Well, we'll stipulate we're not—the FMLA leave is not related to the toe injury if that will clarify that.

(1) hearsay, with no proper predicate for any exception; and

(2) lack of authentication;

**PLAINTIFF'S EXHIBIT NO. 13:**

Defendants object to the document on the following grounds:

(1) hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 16:**

Defendants object to the document on the following grounds:

(1) hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 18:**

Defendants object to the document on the following grounds:

(1) hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 19:**

Defendants object to the document on the following grounds:

(1) hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 21:**

Defendants object to the document on the following grounds:

(1) hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT NO. 24:**

Defendants object to the document on the following grounds:

(1) hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) irrelevant; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

**PLAINTIFF'S EXHIBIT 37:**

Defendants cannot formulate proper objections to the document because no such document has been provided to Defendants.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendants' objections to Plaintiff's exhibits should be **SUSTAINED**.

Respectfully submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[6]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 23rd day of December, 2019. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

---

[6] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization