# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID W. SPINDLE** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:18-cv-818** |
| | § | |
| **CKJ TRUCKING, LP AND CKJ** | § | |
| **TRANSPORT OF NORTH TEXAS, LLC** | § | |

## PLAINTIFF"S PROPOSED JURY INSTRUCTIONS AND JURY QUESTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes Plaintiff David W. Spindle and, without waiving any right to a directed verdict, submits these proposed Jury Instructions and Jury Questions and requests these instructions be used in the event that Plaintiff comes forward with a claim, supported by the evidence, to justify submission of the case to the jury on any theory of recovery.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

 _/s/ Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

On December 19, 2019, the undersigned forwarded a copy of the proposed jury instructions and jury charge to John Ross, counsel for Defendants, requesting he review the proposed filing. Mr. Ross did not respond to the request. On December 23, 2019 at approximately 10:08 p.m., Defendants filed Defendants' Requested Jury Instructions and Verdict Form (dkt#75).

 /s/ Ronald R. Huff_____
Ronald R. Huff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 24, 2019 a true and correct copy of the foregoing was forwarded via the CM/ECF System in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

John L. Ross
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, Suite 2500
Dallas, Texas 75201

 /s/ Ronald R. Huff_____
Ronald R. Huff

<u>GENERAL INSTRUCTIONS FOR CHARGE</u>

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

*Fifth Circuit Pattern Jury Instructions – Civil § 3.1 (2006); 3.1 (2014)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## PREPONDERANCE OF THE EVIDENCE

Unless otherwise indicated, you must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In answering the questions I will submit to you, answer "Yes" or "No" unless otherwise instructed. As I just explained, a "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."

*Fifth Circuit Pattern Jury Instructions – Civil (2014)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## <u>CONSIDERATION OF THE EVIDENCE</u>

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations.  A city and all other persons are equal before the law and must be treated as equals in a court of justice.

*Fifth Circuit Pattern Jury Instructions – Civil §§ 2.18 (2006); 2.16, 3.3(2014)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____

_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including the Plaintiff and the representatives of Defendant who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.

In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Plaintiff or the Defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

*Fifth Circuit Pattern Jury Instructions – Civil (2006)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## IMPEACHMENT BY WITNESSES' PRIOR INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Fifth Circuit Pattern Jury Instructions – Civil § 2.16 (2006) and § 2.11 (2014)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____

_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

<u>USE OF NOTES TAKEN BY JURORS</u>

Any notes that you have taken during this trial are only aids to your memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

*Fifth Circuit Pattern Jury Instructions – Civil § 2.21 (2006) and § 3.7 (2014)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## DEPOSITION TESTIMONY

Certain testimony will now be presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read (shown) to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

*Fifth Circuit Pattern Jury Instructions – Civil § 2.23 (2006) and § 2.13 (2014)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

<u>DISCRIMINATION BASED ON DISABILITY</u>

ADA cases can involve a variety of fact situations, and may implicate the "actual disability" prong or the "perceived disability" prong (also called the "regarded as having a disability" prong), or both.

<u>Actual Disability</u>

Plaintiff David W. Spindle claims that he was discriminated against because Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC regarded him as having an actual or perceived disability by discharging him. Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC deny Plaintiff Spindle's claims.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include discharging a qualified individual with a disability.

To succeed on this claim, Plaintiff Spindle must prove each of the following by a preponderance of the evidence:

1. Plaintiff Spindle could have performed the essential functions of tractor-trailer driver when Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC discharged him;

2. Plaintiff Spindle was regarded as having a physical impairment;

3. Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC regarded Plaintiff Spindle as having an impairment;

4.    Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC discharged Plaintiff Spindle; and

5.    Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC discharged Plaintiff Spindle because he was regarded as having cardiovascular disease.

If Plaintiff Spindle has failed to prove any of these elements, then your verdict must be for Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC.

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Spindle's cardiovascular condition substantially limited his ability to perform any major life activities, you should compare his ability to perform such major life activities with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

If an impairment is episodic or in remission, it is still a "disability" if it substantially limited a major life activity when it was active or if it would substantially limit a major life activity when active.

<u>Perceived Disability</u>

Plaintiff Spindle claims he was discriminated against because Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC regarded him as having an impairment. Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC deny Plaintiff Spindle's claims.

It is unlawful to terminate a qualified individual who is regarded as having an impairment because the qualified individual is regarded as having an impairment.

To succeed on this claim, Plaintiff Spindle must prove the following by a preponderance of the evidence:

1.     Plaintiff Spindle could have performed the essential functions of his job when Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC discharged him;

2.     Plaintiff Spindle was regarded as having a physical impairment;

3.     Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC regarded Plaintiff Spindle as having an impairment;

4.     Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC terminated Plaintiff Spindle; and

5.     Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC terminated Plaintiff Spindle because he was regarded as having a disability.

An individual is regarded as having an impairment if the individual establishes that he has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

If Plaintiff Spindle has failed to prove any of these elements, then your verdict must be for Defendant CLK Trucking, LP and CKJ Transport of North Texas, LLC.

*Fifth Circuit Pattern Jury Instructions – Civil § 11.8 (2016)*

*Jackson v. City of Sherman, Texas; 4:16-cv-00774-KPJ*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____

_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## FAILURE TO ACCOMMODATE DISABILITY CLAIM

Plaintiff Spindle claims that Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC failed to reasonably accommodate his disability and contends he could have continued to perform the essential functions of his job.

Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC denies Plaintiff Spindle's claim.

The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed on this claim, Plaintiff Spindle must prove he could have performed the essential functions of the job. Plaintiff Spindle must prove each of the following by a preponderance of the evidence:

    1.    Plaintiff Spindle could have performed the essential functions of his job when Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC terminated him if Plaintiff Spindle had been provided with reasonable accommodations consistent with his medical restrictions;

    2.    Plaintiff Spindle had a cardiovascular condition.

    3.    Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC knew of Plaintiff Spindle's cardiovascular condition;

    4.    Plaintiff Spindle requested an accommodation;

    5.    Providing an accommodation would have been reasonable; and

6.     Defendants CLK Trucking, LP and CKJ Transport of North

Texas, LLC failed to provide a reasonable accommodation.

The definition of "disability" was provided above.

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position a plaintiff holds or for which he has applied. The term does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: (1) the employer's judgment as to which functions are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the person to perform the :function; (5) the work experience of persons who have held the job; (6) the current work experience of persons in similar jobs; (7) whether the reason the position exists is to perform the function; (8) whether there are a limited number of employees available among whom the perfo1mance of the function is to be distributed; and (9) whether the

:function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function. You may also consider other factors.

The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential :functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

An employer is not required to restructure a job if it would reallocate the job's essential functions and is not obligated to hire additional employees or reassign existing workers to assist an employee with a disability. The ADA does not require an accommodation that would cause other employees to work harder, work longer hours, or lose opportunities. An employer is also not required to create a new position as an accommodation.

*Fifth Circuit Pattern Jury Charges – Civil, § 11.10 (2016)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

<u>Interactive Process</u>

Plaintiff Spindle claims that Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC failed to engage in a good faith interactive process because it did not consult with him to ascertain the precise job-related limitations imposed by his disability and how those limitations could be overcome with a reasonable accommodation. Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC denies Plaintiff Spindle's claim.

Once an employee makes a request from his employer for a reasonable accommodation, the employer and employee must engage in an "interactive process." An "interactive process" consists of flexible and interactive discussions between the employer and employee for the purpose of dete1mining the appropriate accommodation.

The plaintiff bears the burden of proving that an available position existed that he was qualified for and could, with a reasonable accommodation, perform. When the employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA. However, when responsibility for the breakdown of the interactive process is traceable to the employee, and not the employer, the employer cannot be found to have violated the ADA.

*Fifth Circuit Pattern Jury Charges – Civil, § 11.10 (2016)*
*Jackson v. City of Sherman, Texas; 4:16-cv-00774-KPJ*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____

_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## INTERFERENCE WITH FMLA JOB RESTORATION

Plaintiff David W. Spindle claims that he was entitled to be restored to his same position of employment, or to an equivalent position, upon his return from FMLA leave, but Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC failed to restore him to such a position.

Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC deny the claims.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include once leave is completed, being restored by the employer either to the position the employee held when leave began or to a position with equivalent benefits, pay and other terms and conditions of employment.

An employee is eligible to take leave if, when his leave began he: (1) had been employed by the employer for at least 12 months; and (2) worked at least 1,250 hours during the previous 12-month period.

If eligible, an employee is entitled to take up to 12 weeks of leave in any 12-month period:

because of a "serious health condition" that made the employee unable to perform the functions of his position.

While an employee is on FMLA leave, the employer is required to maintain coverage for him under any group health plan during the leave, under the same conditions coverage would have been provided had the employee not gone on leave.

On his return from FMLA leave, an employee is entitled to be restored to the position he held when the leave began, or to an equivalent position. An "equivalent position" is one that is virtually identical to the position the employee held at the time his leave began, with equivalent employment benefits, pay, and other terms and conditions of employment. An employee is entitled to job restoration even if he was replaced while on leave or his position was restructured to accommodate the leave.

An employee's exercise of FMLA leave rights does not entitle him to greater rights to continued employment or employment benefits than any of his fellow employees who did not exercise FMLA leave rights. The employer is not required to restore the employee to the same or an equivalent position if the employer proves that the employee's employment would have ended even if he had not exercised his FMLA leave rights.

It does not matter whether Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC intended to violate the FMLA. If Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC denied Plaintiff Spindle a right to which he was entitled under the FMLA, then you should find for Plaintiff Spindle on this issue.

To prevail, Plaintiff Spindle must prove by a preponderance of the evidence that:

1. Plaintiff Spindle sought to return to employment with Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC following FMLA leave; and

2. Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC failed to restore Plaintiff Spindle to the same position he held at the time FMLA leave began, or to an equivalent

position.

If Plaintiff Spindle proves that Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC failed to restore him to the same or an equivalent employment position, Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC may nevertheless succeed by proving by a preponderance of the evidence that Plaintiff Spindle's same job, or an equivalent one, would no longer have been available to him when job restoration was sought because of reasons un- related to the leave.

*Fifth Circuit Pattern Jury Charges – Civil, § 11.20 (2016)*

GIVEN:                          _____

GIVEN AS MODIFIED:              _____

REFUSED:                        _____

DATE:                           _____



_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## DAMAGES GENERALLY

If Plaintiff has proven his claims against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe the Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

*Fifth Circuit Pattern Jury Charges – Civil, §§ 11.8, 11.10, 11.20 (2016)*

GIVEN:                    _____

GIVEN AS MODIFIED:     _____

REFUSED:                _____

DATE:                      _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

<u>FMLA DAMAGES – LOST WAGES</u>

If you found that Defendant David W. Spindle violated the FMLA, then you must determine whether those violations caused Plaintiff Spindle damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Spindle has proved liability.

Plaintiff Spindle must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Spindle need not prove the amount of his losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of dam ages and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant [name]'s violation of the FMLA, if any.

Wages, salary, and benefits include the amounts the evidence shows Plaintiff Spindle would have earned had he remained an employee of Defendant [name] from **December 20, 2017 to August 1, 2018,** including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, Defendant [name] proves by a preponderance of the evidence Plaintiff Spindle received from employment during that time.

*Fifth Circuit Pattern Jury Charges – Civil, §§ 11.22 (2016)*
GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____

_____
The Honorable Sean D. Jordan

UNITED STATES DISTRICT JUDGE

## FMLA DAMAGES—LOSSES OTHER THAN WAGES

If you found that Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC violated the FMLA, then you must determine whether they caused Plaintiff Spindle damages and, if so, the amount, if any, of those damages.

Plaintiff Spindle must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff Spindle need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[2]

You may award as damages any actual monetary losses Plaintiff Spindle sustained as a direct result of Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC's violation of the FMLA, such as the cost of providing care.

*Fifth Circuit Pattern Jury Charges – Civil, §§ 11.23 (2016)*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

<u>BACK PAY</u>

If you found that Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC terminated Plaintiff Spindle because of his age, then you must determine whether Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC have caused Plaintiff's damages, and if so, you must determine the amount, if any, of those damages. Plaintiff Spindle must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff Spindle need not prove the amount of Plaintiff's losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit. You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits.

Back pay and benefits include the amounts the evidence Plaintiff Spindle shows he would have earned had he remained an employee of Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC, and includes fringe benefits such as life and health insurance, contributions to retirement, etc., minus the amounts of earning and benefits, if any, Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC proves by a preponderance of the evidence, Plaintiff Spindle received in the interim.

*Fifth Circuit Pattern Jury Instructions (Civil) § 11.22 (2016).*

GIVEN: _____

GIVEN AS MODIFIED: _____

REFUSED: _____

DATE: _____

_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

## DUTY TO DELIBERATE AND INSTRUCTIONS ON DELIBERATION

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take this charge with you as well as the exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your

deliberations.

*Fifth Circuit Pattern Jury Instructions – Civil, §§ 2.11 & 2.12 (2006); § 3.7 (2014)*


GIVEN:                          _____

GIVEN AS MODIFIED:              _____

REFUSED:                        _____

DATE:                           _____


_____
The Honorable Sean D. Jordan
UNITED STATES DISTRICT JUDGE

<u>**PLAINTIFF'S PROPOSED JURY QUESTIONS**</u>

<u>**Question No. 1**</u>

Did Plaintiff David W. Spindle have a record of disability?

Answer "Yes" or "No."


Answer: _____


<u>**If you answered "Yes" to Question No. 1, then proceed to Question No. 2.**</u>

<u>**If you answered "No" to Question No. 1, then proceed to Question No. 5?.**</u>


<u>**Question No. 2**</u>

Was Plaintiff David W. Spindle a "qualified individual?"

Answer "Yes" or "No."


Answer: _____

<u>**If you answered "Yes" to Question No. 2, then proceed to Question No. 3.**</u>

<u>**If you answered "No" to Question No. 2, then proceed to Question No. 5.**</u>


<u>**Question No. 3**</u>

Did Plaintiff David W. Spindle experience discharge?

Answer "Yes" or "No."


Answer: _____

<u>**If you answered "Yes" to Question No. 3, then proceed to Question No. 4.**</u>

<u>**If you answered "No" to Question No. 3, then proceed to Question No. 5.**</u>

## Question No. 4

Was discharge an adverse employment action?

Answer "Yes" or "No."

Answer: _____

## Proceed to Question No. 5.

## Question No. 5

Did Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC fail to reasonably accommodate Plaintiff David W. Spindle's disability?

Answer "Yes" or "No."

Answer: _____

**Proceed to Question No. 6.**

## Question No. 6

Did Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC fail or refuse to restore Plaintiff David W. Spindle to his same or an equivalent job position on his return from FMLA leave?

Answer "Yes" or "No."

Answer: _____

## If you answered "Yes" to either Question No. 4, No. 5, or No. 6, then proceed to Question No. 7.

## If you answered "No" to Questions No. 4, , No. 5, and No. 6, then proceed no further.

**Question No. 7**


What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff David W. Spindle for the damages, if any, you have found Defendants CLK Trucking, LP and CKJ Transport of North Texas, LLC's wrongful conduct, if any, caused Plaintiff David W. Spindle?

Answer in dollars and cents for the following items and none other:

a.        Past wages from December 20, 2017 to _____(SS date)

Answer: _____

## <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous)

_____
PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____