IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CA NO. 4:18-CV-818-SDJ-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

**REPORT REGARDING TRIAL EXHIBIT OBJECTIONS**

Pursuant to footnote 3 of the Court's *Scheduling Order* (Docket No. 15), Defendants respectfully file the following report regarding the parties' respective objections (Docket Nos. 74 and 77) to the other party's trial exhibits listed in the *Joint Pretrial Order* (Docket No. 72). Pursuant to the Court's directions, the parties conferred and were unable to reach agreement on the following objections.

**A. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS:**

*1. Plaintiff's Exhibit Nos. 3, 4, 5, 6, 7, and 9:*

Each of these documents purport to be medical records or records concerning a short term disability application Plaintiff purportedly made relating to an alleged April 2017 foot injury. *See* Docket Nos. 82-1 through 82-6. As a matter of law, these exhibits are inadmissible for a variety of reasons—primarily relevance.

### a. Relevance:

The only relevance whatsoever of Plaintiff's toe injury and surgery is that as a result of it, he received four weeks of FMLA leave—facts which are undisputed.[1] Consequently, when Plaintiff subsequently received eight weeks of FMLA leave beginning in July 2017[2] as a result of his "chest pains," Plaintiff received all of the FMLA leave to which he was entitled under the FMLA and, therefore, as a matter of law—contrary to his allegations in the lawsuit—under the FMLA Plaintiff was not entitled to reinstatement to his former position when he was allegedly released to return to work in December 2017. *See, e.g., Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2002); *Meadows v. Texar Fed. Credit Union*, 2007 WL 192942, at 26 (E.D. Tex. Jan. 22, 2007) ("The FMLA does not protect an employee who fails to return to work on or before the date her FMLA leave expires."); 29 C.F.R. § 825.216(c) ("If the employee is unable to perform an essential function because of . . . the continuation of a serious health condition . . . the employee has no right to restoration to another position under the FMLA.").

---

[1] *See* Docket No. 34, *Amended Complaint* (¶ 10; emphasis added): "On or about April 13, 2017, P*laintiff sought and was approved for leave under The Family and Medical Leave Act ('FMLA')* as a result of an on-the-job injury requiring the partial amputation of the great toe on his right foot. Plaintiff fully recovered and returned to work approximately one month later." *See, e.g., Boulle, Ltd. v. De Boulle Diamond & Jewelry, Inc.*, 2014 WL 4261994, at 5 (N.D. Tex. Aug. 29, 2014) ("Factual assertions in pleadings and pretrial orders are normally considered to be judicial admissions that are conclusively binding on the party who made them.").

[2] *Id.* (¶ 11; emphasis added): "On or about July 14, 2017, Plaintiff began experiencing chest pain. His physician took him off work and *he subsequently sought and received FMLA* while he underwent medical and surgical treatment."

**2**

Other than for the fact that Plaintiff *admittedly* received four weeks of FMLA leave in connection with his toe surgery, the alleged injury, surgery and absence from work are otherwise wholly irrelevant to the case.

**First**, Plaintiff's counsel stipulated during Plaintiff's deposition that the alleged toe injury and resulting surgery were not the basis of any claim in this case. Depo. Ex. 36-2 [Plaintiff's Deposition, pp. 78-79]):

> MR. HUFF: We'll stipulate to you, if it will save a little time and money, *we're not claiming his toe is a disability in this case. We've not alleged that in the lawsuit either, but to make it clear on the record we'll stipulate to that.*
>
> Q. (BY MR. ROSS) You have alleged retaliation for taking FMLA leave which was related to the toe injury.
>
> MR. HUFF: *Well, we'll stipulate we're not—the FMLA leave is not related to the toe injury if that will clarify that.*

**Second**, Plaintiff himself testified that the toe injury was irrelevant to the lawsuit. *Id.*:

> Q. (BY MR. ROSS) Uh-huh. Do you contend that your toe injury is a disability?
>
> A. *It ain't got nothing to do with what I'm filing.*
>
> Q. I'm sorry?
>
> A. I*t has nothing to do with what I'm filing.*
>
> Q. What do you mean by that?
>
> A. *I'm not filing for disability because of my toe.*

**Third**, consequently, Plaintiff's counsel expressly instructed Plaintiff not to answer questions regarding the alleged toe injury and its treatment. *Id.* (pp. 75-76):

> Q. When you were seeking treatment for your toe injury, do you claim to have told the doctors that you injured your toe by kicking a mud flap?

3

>A. Yes.
>
>MR. HUFF: Objection, form. I'll instruct him not to answer that, based on the physician/patient privileges.
>
>MR. ROSS: Excuse me? He's seeking damages in this case. He's waived his privilege.
>
>MR. HUFF: He's not seeking damages for his toe. That's not in the lawsuit, if you read it.

Plaintiff cannot use the physician/patient privilege as both a shield to prevent inquiry about the toe injury during Plaintiff's deposition and, now, as a sword to admit medical records and evidence concerning the injury for some putative purpose at trial.

**Fourth**, Plaintiff included nothing whatsoever in the *Joint Pretrial Order* (Docket No. 72) related to his alleged toe injury, surgery, or April 2017 absence from work. *See, e.g., Elliott v. Harris,* 205 Fed. App'x. 255, 257 (5th Cir. 2006) ("'Once the [pretrial] order is entered, it controls the scope and course of the trial.' (quoting *Flannery v. Carroll,* 676 F.2d 126, 129 (5th Cir.1982)); *Beagles & Elliott Enterprises, LLC v. Florida Aircraft Exch., Inc.,* 70 Fed. App'x. 185, 187 (5th Cir. 2003) (same).

Consequently, on grounds of relevance alone the documents should be excluded.

### b. Authentication:

Plaintiff's exhibit numbers 3 and 5-9 have also not been properly authenticated.

### c. Hearsay:

Plaintiff's exhibit numbers 3 and 5-9 also constitute hearsay (and hearsay within hearsay), with no proper predicate for any exceptions.

### d. *Fed. R. Evid.* 403:

Alternatively, any minimal probative value of any of the exhibits is substantially outweighed by unfair risk of prejudice and confusion of the jury.

### 2. *Plaintiff's Exhibit Nos. 10, 12, 13, 14, 16, 18, 19, 21, and 22*:[3]

Each of these documents purport to be a document related to Plaintiff's insurance claim for short term disability benefits from Mutual of Omaha during his absence from work between July 16, 2017, and December 19, 2017. Apparently, Plaintiff seeks to offer these documents to establish that Plaintiff was determined to be "disabled" by Mutual of Omaha.[4]

Defendants object to the documents on the following grounds:

(1) hearsay and hearsay within hearsay, with no proper predicate for any exception;

(2) lack of authentication;

(3) relevance; and

(4) alternatively, any minimal probative value is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Fed. R. Evid.* 403.

### a. Relevance:

Regarding relevance, a *contractual* determination by Mutual of Omaha that Plaintiff was entitled to benefits under Mutual of Omaha's *short term* disability <u>insurance policy</u>, *i.e.*, that Plaintiff was:

➢ "disabled" *under the terms of the policy*;

➢ for *short term* insurance benefits;

---

[3] Docket Nos. 82-7 through 82-15, respectively.

[4] Plaintiff's counsel made precisely that argument during the January 15, 2020, recorded hearing before the Magistrate Judge on Defendants' pending motions for summary judgment and motion for sanctions.

> *between July 16 and December 19, 2017*;

is, as a matter of law, no evidence of and utterly irrelevant to the question whether *at the time of Plaintiff's full and complete release on or about December 19, 2017*, Plaintiff was "disabled" <u>*for purposes of the ADA*</u>, *i.e.*, whether:

> *as of December 19, 2017*, when Plaintiff allegedly received a full and complete release from his doctor, with no restrictions;

> Plaintiff suffered from an impairment which:

>> (1) *was not transitory*;[5] and

>> (2) *substantially limited*;

>> (3) a *major life activity*.[6]

### b. Authentication:

The exhibits are not properly authenticated.

---

[5] "Disability" under the ADA's third prong of the definition requires that Plaintiff establish that he was "regarded by" CKJ as having an actual or perceived impairment—but only if the impairment was not "transitory and minor." 42 U.S.C. § 12102; *see* 29 C.F.R. § 1630.2(g)(iii). A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). *See also, e.g., Novak v. MetroHealth Med. Center*, 503 F.3d 572, 580-82 (6th Cir. 2007); *Martinez v. City of Weslaco Tex.*, 2013 WL 2951060, at 9 (S.D. Tex. June 14, 2013) (granting motion to dismiss; plaintiff's condition deemed to be transitory where he "was experiencing significant recovery within one to two months" following an on-the-job leg injury).

[6] Ironically, the documents which Plaintiff seeks to offer establish, if anything, that after Plaintiff's alleged full and complete medical release to return to work without restrictions on December 19, 2017, *Mutual of Omaha no longer considered Plaintiff to be "disabled" even for purposes of short term disability insurance benefits. See* Docket No. 82-15 (Plaintiff's Exhibit 21).

### c. Hearsay:

The documents constitute hearsay and (particularly each of the putative letters of Mutual of Omaha) hearsay within hearsay, with no proper predicate laid for any exceptions to the hearsay rule.

### d. *Fed. R. Evid.* 403:

Alternatively, any minimal probative value of any of the exhibits is substantially outweighed by unfair risk of prejudice and confusion of the jury. This is particularly so, given the substantive differences between the contractual definition of "disability" for purposes short term disability benefits under Mutual of Omaha's insurance policy versus the definitions of "disability" under the ADA.

## *3. Plaintiff's Exhibit 24:*

This exhibit (Docket No. 82-16) purports to be a letter from Great American Insurance Group—insurer for CKJ Trucking's non-subscriber Workplace Injury Benefit Plan—to Plaintiff's attorney regarding Plaintiff's alleged April 2017 toe injury. Defendants object to the document on the following grounds:

- Relevance—for the reasons previously cited regarding Plaintiff's Exhibit Nos. 3, 4, 5, 6, 7, and 9—evidence regarding Plaintiff's alleged April 2017 toe injury is wholly irrelevant.
- The document is not properly authenticated.
- The document constitutes hearsay, with no proper predicate laid for any exception.
- The document is inadmissible under *Fed. R. Evid.* 411.
- Alternatively, any minimal probative value of any of the exhibit is substantially outweighed by unfair risk of prejudice and confusion of the jury. *Tex. R. Evid.* 403.

### *4. Plaintiff's Exhibit No. 37:*

Despite several requests, Defendants have never been provided with a copy of anything purporting to be Plaintiff's Exhibit 37. Accordingly, Defendants' are unable to evaluate the putative exhibit and formulate specific evidentiary objections. Defendants object to any such document for failure to comply with the Court's prior orders and Local Rules regarding production of trial exhibits.

**B. PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBITS:**

### *1. Defendants' Exhibit No. 3 (Docket No. 74-1):*

Plaintiff objects to the exhibit solely on grounds of relevance. The exhibit is relevant to establishing Plaintiff's various dates of employment with CKJ and that—by Plaintiff's own admission—he was rehired by CKJ Trucking *despite having previously had open heart surgery.*[7]

---

[7] In 2012, while employed by CKJ Trucking during a second tenure, Plaintiff had open heart surgery and returned to work following the surgery, until he voluntarily quit in January 2013. Docket No. 36-2 (Ex. 1 (64:3 to 64:21)). Further, Plaintiff admits that although he had twice quit working for the company and had had open heart surgery while employed with CKJ in 2012, the company *rehired* him for a *third* time in August 2015. *Id.* (104:4 to 104:17):

> Q. Well, but you've already told us that you had bypass surgery back in 2012 when you worked for them, right?
>
> A. Right.
>
> Q. And they let you come back to work?
>
> A. Yep.
>
> Q. And you've already told the jury that you don't have any complaints of discrimination regarding either your first or second periods of employment, right?
>
> A. Right.
>
> Q. And then after you quit for the second time in 2013, they hired you back in 2015 even though they knew you had had bypass surgery, right?
>
> A. Yes.

*Footnote continued on next page . . .*

### *2. Defendants' Exhibit 11 (Docket No. 82-17):*

Plaintiff has objected to the document solely on grounds of hearsay. The objection is unfounded. The document—a determination of the Texas Workforce Commission—is admissible under *Fed. R. Evid.* 803(8) as a public record.

### *3. Defendants' Exhibits 14-16 (Docket No. 74-3):*

These exhibits represent published openings for truck driver job vacancies, regarding which Plaintiff testified during his deposition.

Plaintiff objects to the exhibits on grounds of (1) *Fed. R. Evid.* 408; and (2) hearsay. Plaintiff's objections are wholly without merit.

The objection on the basis of *Fed. R. Evid.* 408 is utterly incomprehensible and frivolous. The documents have nothing whatsoever to do with settlement or offers of compromise.

Likewise, Plaintiff's hearsay objections are without merit. Plaintiff's objections are analytically identical to those overruled by the Fifth Circuit in *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1192 and 1195 n. 4 (5th Cir.), *cert. denied*, 498 U.S. 987 (1990):

> [at 1192]: Sellers also contends that the magistrate erroneously admitted and considered hearsay evidence, in the form of newspaper classified advertisements for substantially equivalent jobs, in concluding that she failed to mitigate.

> [at 1195 n. 4]: Sellers objected to the admission of these advertisements on the ground of hearsay, arguing that the advertisements tended to suggest that comparable employment was available. We hold that the magistrate did not abuse his discretion in admitting the evidence.

---

*. . . footnote continued from previous page.*

Accordingly, the exhibit is directly relevant to (1) establishing the absence of any discriminatory animus on the basis of disability; and (2) to the absence of pretext for Defendants' legitimate non-discriminatory reasons for its actions.

**9**

Sellers testified that after leaving Delgado in 1978, she regularly read the classified advertisements in the New Orleans Sunday newspaper and pursued jobs advertised therein. In the light of her testimony, Delgado's offer of proof was clearly relevant to whether Sellers exercised reasonable diligence in seeking substantially equivalent employment.

In this case, Plaintiff similarly testified (*see* Docket No. 36-2 (113:8 to 115:15) (emphasis added):

Q. Mr. Spindle, have you even done anything since December 2017 to try and determine what other truck driving job that might be available?

A. Yeah.

Q. Uh-huh. When's the last time you did that?

A. I've got friends that own their own trucks. I check with them several times, see how it's working out with them.

Q. Uh-huh. *Have you ever gone online to look and see—*

*A. Oh, yeah.*

*Q. —what truck driving jobs are available?*

*A. Yes.*

Q. Let me hand you what I've marked as Exhibit 123.[1] And did you know that as of last night the jobs listed in that document are represented online to be available?

A. This?

Q. Uh-huh. Let me hand you Exhibit 124. Strike that. Before we get off of 123, *have you applied for any of the jobs listed—*

A. No.

*Q. —currently listed on Exhibit 123?*

A. No, sir.

---

[1] Docket No. 36-18.

**10**

Q. Now about Exhibit 124;[2] *have you applied for any of the jobs currently listed in that document? . . . Have you applied for any of those jobs?*

A. No.

*Q. Have you applied for any of the jobs currently available that are listed in Exhibit 125?*[3]

*A. Anything that got to do with CDLs, I'm not applying.*

Q. And that's because you don't want to drive a truck?

*A. Because I don't want to drive it. I did my time cross country. I don't want to do it no more.*

Q. Well, there are trucking—there are companies that hire people to drive trucks locally—

A. Yes.

Q. —right?

A. Yes.

Q. And some of those jobs require CDLs, right?

A. Yes.

Q. So you could—you could apply for a local hauling job and not have to spend time away from home, right?

*A. I don't want to drive a truck anymore; too much congestion and traffic.*

Q. And that's just a decision you've made?

A. Yes.

*Q. So you have not looked for a single truck driving job since December 20, 2017, correct?*

. . . A. No.

---

[2] Docket No. 36-19.

[3] Docket No. 36-20.

*Q. (BY MR. ROSS) Correct?*

*. . . A. Yes.*

As in *Delgado, supra*, the exhibits are "clearly relevant to whether [Plaintiff] exercised reasonable diligence in seeking substantially equivalent employment" and are non-hearsay, as they are not offered for the truth of the matters asserted therein.

## CONCLUSIONS AND REQUESTED RELIEF

For all of the foregoing reasons, Defendants' objections to Plaintiff's trial exhibits should be **SUSTAINED** and Plaintiff's objections to Defendants' trial exhibits should be **OVERRULED**.

Respectfully submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[8]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:         jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

---

[8] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization

**12**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 20th day of January, 2020. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *John L. Ross*
**JOHN L. ROSS**