IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No.: 4:18-cv-818-SDJ-KPJ |
| CKJ TRUCKING, L.P., and CKJ TRANSPORT OF NORTH TEXAS LLC, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants CKJ Trucking, L.P., and CKJ Transport of North Texas LLC's (together, "Defendants") Objections to Plaintiff's Supplemental Summary Judgment Exhibit (the "Motion to Strike") (Dkt. 62), to which Plaintiff David Spindle ("Plaintiff") filed a response (Dkt. 64).

As set forth below, the Court finds the Motion to Strike (Dkt. 62) is **DENIED**.

### I. BACKGROUND

Plaintiff filed this lawsuit alleging that Defendants discriminated against him on the basis of his disability in violation of The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and retaliated against him in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. *See* Dkt. 1.

Defendants filed a Motion for Summary Judgment (the "Motion for Summary Judgment") (Dkt. 40) on June 27, 2019. In opposing the Motion for Summary Judgment, Plaintiff filed a response on July 22, 2019, and a supplemental response on September 10, 2019 (the "Supplemental Response"). *See* Dkts. 45, 55. As part of the Supplemental Response, Plaintiff

attached Plaintiff's Certificate to Return to Work or School from the Family Care Clinic (the "Work Release"), which Plaintiff argues was inadvertently not included with Plaintiff's medical records produced by the Family Care Clinic. *See* Dkt. 55. The Court held a hearing regarding the Supplemental Response on October 4, 2019, and directed Defendants to file a motion to strike if they opposed the admission of the Work Release (the "Hearing"). See Dkt. 60. In their Motion to Strike, Defendants argue the Work Release is unauthenticated, and thus, inadmissible hearsay. *See* Dkt. 62 at 3. In his response to Defendants' Motion to Strike, Plaintiff attached a business records affidavit to authenticate the Work Release. *See* Dkt. 64-1.

## II.  ANALYSIS

In order for a record kept in the regular course of business to fall under the relevant hearsay exception, all of the following must be true: (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge;" (2) "making the record was a regular practice of that activity;" (3) "these conditions are shown by the testimony of the custodian or . . . by a certification that complies with Rule 902(11) or (12);" and (4) "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6). To authenticate a record without live testimony, a party can offer "a certification of the custodian or another qualified person that complied with a federal statute or rule prescribed by the Supreme Court." *Id*. at 902(11).

Plaintiff produced an affidavit from the custodian of the Work Release providing all information needed for authentication. Defendants argue the Work Release was not produced by the Family Care Clinic with Plaintiff's other medical records, and thus, "the author and circumstances of its creation is unknown." *See* Dkt. 62. However, as the Court noted during the Hearing, the Work Release's exclusion from its initial production of Plaintiff's medical records

2

alone is not enough to indicate "a lack of trustworthiness," as records can be overlooked or forgotten. *See* Dkt. 60.

The Court finds Plaintiff has met his burden as to the first three elements of the business records exception by providing the Court with an affidavit of the custodian of the Work Release, as the affiant testified the Work Release was created at or near the time of the event and during the regular course of business. *See* Dkt. 64-1; FED. R. EVID. 803(6). Because the Court finds Defendants have not shown the Work Release indicates a lack of trustworthiness, the Court finds the Work Release has been properly authenticated. Accordingly, Defendants' Motion to Strike is **DENIED**.

### III. <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike (Dkt. 62) is **DENIED**.

**So ORDERED and SIGNED this 7th day of February, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE