# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DAVID W. SPINDLE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § Case No.: 4:18-cv-818-SDJ-KPJ |
| CKJ TRUCKING, L.P., and | § |
| CKJ TRANSPORT OF NORTH | § |
| TEXAS LLC, | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants CKJ Trucking, L.P., and CKJ Transport of North Texas LLC's (together, "Defendants") Motion for Sanctions (the "Motion") (Dkt. 46), to which Plaintiff David W. Spindle ("Plaintiff") filed a response (Dkt. 51). Upon consideration, the Court recommends the Motion (Dkt. 46) is **DENIED**.

### I.   BACKGROUND

Plaintiff filed this lawsuit against CKJ Trucking, L.P. ("CKJ Trucking") on November 16, 2018, alleging that CKJ Trucking discriminated against him on the basis of disability in violation of The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and retaliated against him in violation of The Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. *See* Dkt. 1. On June 10, 2019, Plaintiff amended his complaint to allege both claims against CKJ Trucking and CKJ Transport of North Texas, LLC ("CKJ Transport"). *See* Dkt. 34.

On June 8, 2019, Defendants issued notice to Plaintiff's counsel of their intention to seek sanctions if Plaintiff filed his Amended Complaint or did not dismiss his claims within three weeks. *See* Dkt. 46-6. On June 25, 2019, CKJ Trucking filed its Motion for Summary Judgment

(Dkt. 36), arguing that summary judgment should be granted as to all of Plaintiff's claims. The same day, the Court granted leave for Plaintiff to file his Amended Complaint, and Defendants then filed their Joint Motion for Summary Judgment (Dkt. 40) on June, 27, 2019. After Plaintiff responded to both Motions for Summary Judgment, Defendants filed the Motion on July 22, 2019. *See* Dkt. 46. In the Motion, Defendants allege Plaintiff's claims in both his Original Complaint and Amended Complaint are without merit. Dkt. 46 at 4–10. Defendants argue Plaintiff's counsel should have dismissed all claims, and because he did not, sanctions are warranted. *See id*. at 9. On February 7, 2020, the Court recommended that Defendants' Motions for Summary Judgment be granted in its entirety. *See* Dkt. 84.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides in relevant part: "By presenting to the court a pleading, written motion or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support." FED. R. CIV. P. 11(b). Rule 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

As explained by the Supreme Court, "Rule 11 is aimed at curbing abuses of the judicial

system." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991) (internal quotation marks omitted). In the Fifth Circuit, when determining whether a party has violated Rule 11, "the standard under which an attorney is measured is an objective, not subjective standard of reasonableness under the circumstances." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 581 (5th Cir. 2008). "The reasonableness of the conduct involved is to be viewed at the time counsel . . . signed the document alleged to be the basis for the Rule 11 violation." *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991).

### III. ANALYSIS

In the Motion, Defendants argue monetary sanctions are warranted because Plaintiff's claims are "factually and legally baseless." *See* Dkt. 46 at 6. In response, Plaintiff argues that a "more than adequate investigation of the available facts and law was done prior to filing suit," and asserts the same arguments he made in opposing Defendants' Motions for Summary Judgment. Dkt. 51.

Rule 11 sanctions are only appropriate where filings lack evidentiary support or legal basis. FED. R. CIV. P. 11(b); *Krishnan v. JP Morgan Chase Bank, N.A.*, 2019 WL2314650, at *5 (E.D. Tex. May 30, 2019). While Plaintiff argues there is evidentiary support for all claims brought in his Amended Complaint, the Court recommended that summary judgment be granted as to all of Plaintiff's claims, and that his suit be dismissed. *See* Dkt. 84. In the Report, the Court found that Plaintiff failed to establish a genuine issue of material fact as to all of his claims, and the Court noted that Plaintiff's own testimony contradicted several of the asserted claims. *See id.* at 12, 24. Plaintiff filed his Amended Complaint on June 10, 2019, after significant discovery had occurred, including Plaintiff's deposition. *See* Dkts. 34; 36-2. Further, Plaintiff doubled down on claims without evidentiary support in his responses in opposition to Defendants' Motions for Summary

Judgment. *See* Dkts. 44, 45. For example, Plaintiff specifically testified in his deposition that he did not believe CKJ Trucking did not return him to work in December 2017, because he took FMLA leave, which negates his claim of retaliation under the FMLA. *See* Dkt. 36-2 at 50. Additionally, Plaintiff testified that he "didn't require any accommodations" to perform all of the essential functions of the job on December 19, 2017; nevertheless, Plaintiff continued to argue that CKJ Trucking failed to provide him with a reasonable accommodation in violation of the ADA. *See* Dkt. 36-2 at 45–46; Dkt. 45.

Despite Plaintiff's counsel advancing claims lacking in evidentiary support, the Court finds sanctions should not be imposed in this case, as the Court has already recommended Defendants' Motions for Summary Judgment be granted, and thus, Plaintiff's claims be dismissed in their entirety. However, the Court warns Plaintiff's counsel to avoid asserting claims before the Court that lack evidentiary support and waste judicial resources and the time and resources of opposing parties.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants' Motion (Dkt. 46) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 7th day of February, 2020.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE