IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID W. SPINDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CA NO. 4:18-CV-818-SDJ-KPJ |
| | § | |
| CKJ TRUCKING, L.P., AND | § | |
| CKJ TRANSPORT OF NORTH TEXAS, LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, Defendants respectfully file the following objections to the summary judgment recommendations of the Magistrate Judge, Docket No. 84.

**AS A MATTER OF LAW, THE MAGISTRATE JUDGE ERRED IN CONCLUDING THAT PLAINTIFF HAD EXHAUSTED ADMINISTRATIVE REMEDIES REGARDING HIS FAILURE-TO-ACCOMMODATE ADA CLAIM.**

For the reasons set forth in the summary judgment recommendations of the Magistrate Judge, Defendants should be granted full summary judgment. However, in the unlikely event that Plaintiff files objections to the Magistrate Judge's recommendations and that those objections are sustained, Defendants should nevertheless be granted summary judgment regarding Plaintiff's failure-to-accommodate ADA claim on the alternative ground that, as a matter of law, Plaintiff failed to exhaust administrative remedies regarding any such claim.

### A. AS A MATTER OF LAW, PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES FOR HIS FAILURE-TO-ACCOMMODATE ADA CLAIM:

Filing a timely charge of discrimination with the EEOC is a prerequisite to suit under TITLE VII. *E.g., Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 623 (2007) ("An individual wishing to challenge an employment practice under this provision must first file a charge with the EEOC. § 2000e-5(e)(1)."). As a matter of law, Plaintiff failed to exhaust administrative remedies regarding any reasonable accommodation claim. There is no mention whatsoever in Plaintiff's EEOC *Charge* (Docket No. 36-12Ex. 12) of a failure to accommodate claim. Failure-to-reasonably-accommodate is a separate, distinct theory of liability under the ADA. *E.g., Hamar v. Ashland, Inc.*, 211 Fed. App'x. 309, 310 (5th Cir. 2006) ("The two relevant claims, failure to accommodate and disparate treatment, represent distinct categories of disability discrimination under the ADA."). Filing a charge with the EEOC which only alleges disparate treatment disability discrimination does not exhaust administrative remedies regarding a reasonable accommodation claim. *See, e.g., Hamar v. Ashland, Inc.*, 211 Fed. App'x. at 310; *Woods v. United Parcel Serv.*, 2018 WL 6729690, at 5 (N.D. Tex. Nov. 7, 2018), *rep. and recom. adopted*, 2018 WL 6727083 (N.D. Tex. Dec. 21, 2018) ("[A] plaintiff wishing to exhaust remedies regarding a failure-to-accommodate claim must allege specific facts enabling the EEOC to determine that she requested an accommodation and the employer denied it."); *Robles v. Tex. Tech Univ. Health Sci. Ctr.*, 131 F. Supp. 3d 616, 635 (W.D. Tex. 2015) (barring a failure-to-accommodate claim because "the EEOC Complaint does not assert Plaintiff ever requested a reasonable accommodation" or otherwise "suggest[ ] Defendants were aware an accommodation was needed").

Here, Plaintiff's EEOC *Charge* (Ex. 12) only alleges disparate treatment disability discrimination, *i.e.*, discharge based on disability.

Thus, as a matter of law Plaintiff has failed to exhaust administrative remedies regarding any "reasonable accommodation" claim.

**B. THE MAGISTRATE JUDGE FAILED TO ADDRESS CONTROLLING FIFTH CIRCUIT LAW:**

The Magistrate Judge wholly failed to address the controlling Fifth Circuit law, *Hamar v. Ashland, Inc.*, 211 Fed. App'x. at 310. The Magistrate Judge's recommendations do not even mention the case. Instead, the Magistrate Judge relied on a wholly inapposite case, *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 699 (5th Cir. 2014), for her erroneous conclusion that Plaintiff had exhausted administrative remedies.

First, *LCH Group* did not involve any issue regarding the scope of an EEOC charge to support an ADA failure-to-accommodate lawsuit. Rather, that case involved review of the sufficiency of the evidence to support a jury verdict in favor of the Plaintiff on a failure-to-accommodate claim. Moreover, the Magistrate Judge's reliance on that case for the proposition that "[t]he Fifth Circuit has stated that employers have a 'statutory duty to at least discuss accommodation'" (Docket No. 84, p. 8) is a *non-sequitur*—thoroughly at odds with the Magistrate Judge's correct conclusions elsewhere in her recommendations that (1) by Plaintiff's own admission, he had been fully released to return to work and, therefore, did not need any reasonable accommodation (*id.*, pp. 11-12); (2) he never *asked* for any reasonable accommodation; (3) Plaintiff did not suffer from a disability, *i.e.*, from an impairment which substantially limited any major life activity, in December 2017 (*id.*, p. 11); and (4) the ability "to be able to see a physician and be medically recertified to renew his CDL since it had lapsed while [Plaintiff] was on FMLA leave" is, as a mater of law, not a reasonable accommodation of any "know physical or mental limitation." *Id.*, pp. 12-13 and n. 4.

## **CONCLUSIONS AND REQUESTED RELIEF**

For all of the foregoing reasons, the Magistrate Judge erred in concluding Plaintiff had exhausted administrative remedies regarding his failure-to-accommodate claim. Accordingly, in the unlikely events that (1) Plaintiff files objections to the Magistrate Judge's recommendation that Defendants be granted summary judgment regarding Plaintiff's failure-to-accommodate ADA claim; AND (2) that the Court sustains any such objections, summary judgment for Defendants on Plaintiff's failure-to-accommodate ADA claim should, nevertheless, be granted on the alternative ground that as a matter of law Plaintiff failed to exhaust administrative remedies regarding any such claim.

Respectfully submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[1]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:   (214) 871-8200
Facsimile:    (214) 871-8209
Email:           jross@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

---

[1] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization

## **CERTIFICATE OF SERVICE**

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and 5(b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 21st day of February, 2020. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**